JOHN CASEY, as Administrator, etc., Respondent, *v.* THE
NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, Appellant.

In an action to recover damages for the alleged negligent killing of M.,
plaintiff's intestate, plaintiff's evidence was to the effect that at the
time of the accident M. was going south on the west side of an avenue
running north and south in the city of New York. Defendant had a
yard on the east side of the avenue, with a number of tracks running
therefrom across the avenue, curving to the north as they leave the
yard. Just north of the yard is a row of buildings, so that it was diffi-
cult, if not impossible, for a person approaching the tracks from the
north to see into the yard along the north track, until on the track itself.
M. halted near that track for a freight train to pass on one of the other
tracks. She then moved on, when she was struck and killed by an engine
which suddenly left the yard on the north track, moving at the rate of
from ten to twelve miles an hour. The engine was moving backward
with tender in front; on account of which neither the fireman, who was
running the engine, nor employes upon the cars attached, could look west.
No bell was rung, or whistle blown; no flagman was at or near the
place, although one was usually stationed there. *Held,* that the questions
of negligence and contributory negligence were for the jury, and a motion
for nonsuit was properly denied; that it was a question of fact whether
M. could have seen the train in time to have avoided the accident.

Also, *held,* that testimony of a witness as to what occurred after the acci-
dent was competent as part of the *res gestæ.*

Also, that evidence was competent that it was the custom of defendant to
keep a flagman at the place in question.

Also, *held,* that a charge of the court that if the bell was not rung defend-
ant was guilty of negligence, and a refusal to charge that it was not
bound by statute to give notice of the approach of this engine by bell
or whistle were not error.

(Argued October 9, 1879; decided November 11, 1879.)

APPEAL from judgment of the General Term of the Court
of Common Pleas, in and for the city and county of New
York, affirming a judgment in favor of plaintiff, entered upon
a verdict.

This action was brought to recover damages for the death
of Mary Casey, plaintiff's intestate, alleged to have been
caused by defendant's negligence.

Plaintiff's evidence was to the effect that defendant had a
yard on the east side of Tenth avenue, in the city of New

York. A number of tracks running from thence cross said avenue; as they leave the yard, the tracks curve to the north. The deceased, a girl fifteen years old, was going south on the west side of the avenue. She stopped as she approached the north track to await the passing of a freight train on one of the other tracks. After its passage she stepped forward when she was struck by a locomotive, which suddenly came out of the yard and crossed the avenue at a speed of from ten to twelve miles an hour. The engine was moving backward with tender in front, drawing three freight cars. It was being run by a fireman, who could not, on account of the tender, look west along the track, nor could the brakeman or car coupler, who were on the cars. On the east side of the avenue adjoining, and north of said yard, was a row of brick buildings, the southerly wall of which was about three feet three inches from the north track. Plaintiff was allowed to prove, under objection and exception, that defendant previous to the accident had been in the habit of keeping a flagman at the place, but that he was not there at the time of the accident. At the close of plaintiff's evidence defendant's counsel moved for a nonsuit, which was denied, and said counsel duly excepted. A motion to dismiss the complaint was made at the close of the evidence; same ruling and exception.

Further facts appear in the opinion.

*Frank Loomis*, for appellant. It was error to receive in evidence the opinions, inferences or conclusions of witnesses offered by the plaintiff. (1 Greenleaf's Ev. [8th ed.], § 440; *Rollwager* v. *Rollwager*, 3 Hun, 121; *Morehouse* v. *Matthews*, 2 N. Y., 514; *De Witt* v. *Barly et al.*, 9 id., 371; *Messner* v. *People*, 45 id., 145; *Allen* v. *Stout*, 51 id., 668.) The court erred in allowing the witness McLeary, the policeman, to testify to what occurred after the accident. (*Luby* v. *H. R. R. R. Co.*, 17 N. Y., 131; *Whitaker* v. *Eighth Ave. R. R. Co.*, 51 id., 295; *O'Hagan* v. *Dillon*, 76 id., 170.) The court erred in allowing the question as to the habit of

the defendant in keeping a flagman at the spot in question. (*McGrath* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 522; S. C., 59 id., 468.) The exercise of proper care will not be presumed, and where the circumstances point just as much to the negligence of the deceased as to its absence, or point in neither direction, the plaintiff should be nonsuited. (*Reynolds* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 248 ; *Cordell* v. *N. Y. C. and H. R. R. R. Co.*, 75 id., 330.)

*Christopher Fine*, for respondent. The questions of negligence and contributory negligence were questions of fact. (*Morrison* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 643; *Plopper* v. *Same*, 13 Hun, 625; *Heber* v. *Same*, 67 N. Y., 587; *Massoth* v. *Del. and H. Canal Co.*, 64 id., 524, 529; *O'Mara* v. *H. R. R. R. Co.*, 38 id., 445, 448; *Gonzales* v. *Same*, 39 How., 407, 418, 419; *Hoffman* v. *N. Y. C. and H. R. R. R. Co.*, 8 N. Y. W. Dig., 219; *Weber* v. *Same*, 58 N. Y., 451, 455–457; *McQuilken* v. *Cent. Pac. R. R. Co.*, 1 Rep., 416; *Robinson* v. *W. P. R. R. Co.*, 48 Cal., 426; *Weiss* v. *Penn. R. R. Co.*, 1 Rep., 59; *Heckford* v. *N. Y. C. and H. R. R. R. Co.*, 6 Lans., 381, 385, 386; *Jackson* v. *Met. R'way Co.*, 4 Rep., 496.) There was no error of law in receiving evidence as to the ringing or not ringing of a bell, or the blowing or not blowing of a whistle, or the presence or absence of a flagman, or the speed at which the train was backing at the time and place of the accident. (*McGrath* v. *N. Y. C. and H. R. R. R. Co.*, 63 N. Y., 522, 527, 528, 530; *Dolan* v. *D. and H. C. Co.*, 71 id., 285; 2 R. S., 542, § 61 [6th ed.]; *Cordell* v. *N. Y. C. and H. R. R. R. Co.*, 64 N. Y., 535, 538; *Renwick* v. *Same*, 36 id., 132; *O'Mara* v. *H. R. R. R. Co.*, 38 id., 445, 447, 448; *Earnest* v. *Same*, 39 id., 61, 66, 67; *Cordell* v. *N. Y. C. and H. R. R. R. Co.*, 70 id., 119; *Richardson* v. *N. Y. C. R. R. Co.*, 45 id., 846; *Dwyer* v. *Erie R. R. Co.*, 71 id., 228, 230; Laws of 1854, chap. 282, § 7; 2 R. S., 542, § 61 [6th ed.]; *Tracy* v. *Troy and Bost. R. R. Co.*, 38 N. Y., 433, 436, 437; *Eaton* v. *Erie R. R. Co.*, 51 id., 544, 546, 547; *Gray*

v. *Gd. Tr. R. W. Co.*, 8 N. Y. W. Dig., 371; *Hudier* v. *Golden*, 36 N. Y., 446; *Buchfield* v. *North. Cent. R. R. Co.*, 57 Barb., 589, 591; 1 Phil. on Ev. [M.], 185, 507–511 [5th Am. ed.], note 141; *Price* v. *Powell*, 3 N. Y., 322, 325; *Curtis* v. *Avon, Gen. and M. M. R. R. Co.*, 49 Barb., 148, 154; *Brehun* v. *Gt. W. R. R. Co.*, 34 id., 275, 276; *Day* v. *Brooklyn City R. R. Co.*, 12 Hun, 435; affmd. in Ct. Appeals, 76 N. Y., 593; *Barker* v. *Savage*, 1 Sweeney, 288, 291; *Carpenter* v. *East. Tr. Co.*, 71 N. Y., 574.) Witnesses must state facts, not their opinions, inferences or conclusions drawn from facts. (*Dewit* v. *Barley*, 9 N. Y., 371, 374–377; *Morehouse* v. *Matthews*, 2 id., 514; *Fleming* v. *D. and H. C. Co.*, 8 Hun, 358; *Allen* v. *Stout*, 51 N. Y., 668; *Carpenter* v. *East. Tr. Co.*, 71 id., 574.) The evidence of experts is only necessary, and opinions, even of experts, can only be received when the question at issue involves a peculiar science or skill. (*Swartout* v. *N. Y. C. and H. R. R. R. Co.*, 7 Hun, 571; *Rollwager* v. *Rollwager*, 3 id., 121; *Swift* v. *Mass. Mut. L. Ins. Co.*, id., 551; *Cleveland* v. *N. J. St'b't Co.*, 5 id., 523; *Daly* v. *Morris*, 4 N. Y. W. Dig., 222; *Congress and Empire Sp. Co.* v. *Edgar*, 8 Rep., 289, 291.)

MILLER, J.  We agree with the opinion of the General Term that the motion made by the defendant for a nonsuit was properly denied. There was evidence showing that no bell was rung or whistle blown upon the engine which caused the death of the deceased; that no flagman was at or near the place where the accident occurred, as had previously been the case; and that the engine, with tender ahead and three cars behind, rushed backwards towards the deceased, from a place where it could not well be seen, at a rate of speed from ten to twelve miles an hour. There is also proof that neither the fireman in charge of the engine, nor the brakeman or the coupler could look west, on account of the tender in front being higher than the engine, and that they did not look in that direction. The evidence referred to was clearly sufficient to present the question as

to the defendant's negligence to the consideration of the jury.

In regard to the contributory negligence of the deceased, it appears that she approached the northerly track on the west side-walk of Tenth avenue on her way home, passed on the first rail of the northerly track, and was struck and killed. It also appears that the tracks running east and west across Tenth avenue, and especially the most northerly track upon which the deceased was killed, after reaching the west line of a block of houses which front said avenue on the east side, run on a curve to the north, the yard of the defendant inclining in that direction; and it would seem that it was difficult, if not impossible, for a person coming south, as the deceased did, to see into the part of the yard where the most northerly track runs, until she arrived at the track itself. A moment before she was struck, the engine started west some one hundred feet in the northerly part of the yard entirely out of sight, and so far as was visible, the track was unobstructed for her to proceed on her way home, as nothing intervened. The train having suddenly started, and almost in an instant, at a considerable rate of speed, as we have seen, passed over a distance of about one hundred and sixty feet and caused her death. If she could not see at or near the place where she was struck, surely she was not negligent. It is true there is some evidence to show, and a civil engineer testifies that a person standing in the centre of the west side-walk of Tenth avenue, three feet north of the north rail, can see along the north track a distance of seventy feet east of the house line on the east side of Tenth avenue, and there is some other evidence tending in that direction. As the case stood, however, it was a question of fact whether she could have seen the train and thus avoided the accident. But even if she might have seen the train, it is by no means clear that she did not look and was unable to avoid the accident. According to the testimony of one of the witnesses, she halted at the lamp-post and there waited for a freight train to pass, and when

her attention was drawn to this train which passed up, she started to go home, and the tender came along and struck her on the side-walk. It thus appears that she was on the alert not long before the accident, looking around to pass in safety across the track ; and in this respect the case differs from some of the reported cases, which hold that the party being in a position where the train could be seen, had proper use been made of the faculties, is chargeable with contributory negligence. Considering the circumstances, the fact that her attention had been distracted by the freight train that she was seeking to avoid, and that it was at least doubtful whether she could have seen if she had looked ; that the engine came upon her with great speed and almost instantaneously, so that it may have been out of her power to avoid the danger ; it cannot be said as a matter of law that she was negligent, and it was for the jury to determine how the fact was.

The various exceptions relating to the admission and exclusion of evidence offered on the trial, have received due consideration. Those which it is claimed called for the opinions of witnesses, do not, we think, come within the rule contended for, and related to facts and did not demand the opinions of the several witnesses to whom they were put. It is unnecessary to consider each of them in detail, as they rest upon the same rule, and no principle of law was violated by the rulings of the court in regard to them.

The testimony of the witness McLeary, as to what occurred after the accident, was properly admitted. It was merely following up the evidence which had previously been given by the same witness, and constituted a part of the transaction. No improper use could lawfully be made of such . evidence, and the court, if called upon, would no doubt have instructed the jury accordingly. So also the question as to the habit of the company in keeping a flagman at the place in question was competent, in reference to the degree of care which the company had exercised. The evidence was admissible within the rule laid down in several reported

cases. (*Ernst* v. *H. R. R. R. Co.*, 39 N. Y., 67; *Beisiegel* v. *The Same*, 40 id., 9; *McGrath* v. *N. Y. C. R. R. Co.*, 63 id., 525; S. C., 59 id., 468.) As to the other questions relating to the evidence, we are unable to discover that any error was committed by the court in its rulings.

The motion to dismiss the complaint was properly refused, for the same reasons that the motion for a nonsuit was denied.

The charge of the court that if the bell was not rung, the defendant was guilty of negligence, and the refusal to charge that it was not bound by statute to give notice of the approach of this engine by whistle and by bell, was, we think, correct. The various requests to charge were also properly overruled. Most of them were substantially covered by the charges as made, and those not so charged were not correct. The questions as to the admission of evidence and in reference to the charge are elaborately considered in the opinion of DALY, J., at General Term, and we do not deem it necessary to examine them more at length.

The judgment should be affirmed.

All concur.

Judgment affirmed.