No. 7819.

PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COM-
PANY *v.* YUNDT ET UX.

NEGLIGENCE.—*Evidence.—Railroad.*—In a suit against a railroad company, for personal injury to a passer-by, by moving cars frightening the plaintiff's team, at a street crossing of a railroad where there is much travel upon the street, evidence for the plaintiff, showing that the company had, to the plaintiff's knowledge, kept a watchman at the crossing to give signals of danger, until a short time before the accident, when, without the plaintiff's knowledge, it withdrew him, and that, as the plaintiff approached the crossing, he was careful to look for such signals and saw none, is admissible, for the purpose (with other circumstances) not only of showing negligence by the defendant, but also of showing the plaintiff was free from contributory negligence.

From the Marion Superior. Court.

*T. A. Hendricks, C. Baker, O. B. Hord* and *A. W. Hendricks*, for appellant.

*R. Hill* and *J. W. Nichol*, for appellees.

WORDEN, J.—Action by the appellees against the appellant to recover damages for an injury suffered by the female plaintiff, in consequence of the alleged carelessness and negligence of the defendant in running its train of cars across a public street of the city of Indianapolis, along which street the plaintiffs were passing with a horse and buggy, whereby the horse became frightened and ran away, doing the injury.

Trial by jury; verdict and judgment for the defendant. On appeal to general term the judgment was reversed, and from the judgment of reversal the defendant appeals to this court.

On the trial there was evidence tending to show that Noble street, running north and south, is a much travelled street, and is crossed by the defendant's railroad in a populous part of the city; that the defendant had erected a building just north of its south or main track and just east of the east line of the street, which obstructed the view of trains approaching from the east from persons on Noble street north of the line

of the defendant's tracks; that as the plaintiffs were driving south on Noble street toward the railroad, and as they got to a point about opposite to the center of the building mentioned, a train backed suddenly along from the east, at which the horse took fright and ran away and did the injury.

A bill of exceptions shows that, at the proper time, Mrs. Yundt being examined as a witness, was asked by her counsel to state as follows:

"State whether just prior to or at the time of the accident about which you have testified, you observed any person at or near the crossing of the defendant's road on Noble street, engaged in giving signals of an approaching train on the defendant's track, and, if so, state who he was, where he was standing, and what signals, if any, he gave.

"To this question the defendant objected upon the grounds that it was immaterial, irrelevant and incompetent; and thereupon counsel for the plaintiffs stated to the court that they proposed to prove by said witness and such other witnesses as they intended to call, that several years prior to the accident complained of the defendant had caused to be erected at the crossing where the accident occurred, a signal house, which had been continued and maintained up to the time the accident occurred, and that it had at such time placed at said crossing a watchman or flagman, whose duty it was to give notice by appropriate signals to persons desiring to cross said track at said place, of the approach of trains on said track, and that it had kept and maintained said person at said place from the time aforesaid down to within a few days of the said accident, and that he was then withdrawn without any notice to the public; and that the plaintiffs had been accustomed for several months prior to said accident to cross said track on said street, and had observed the presence and signals of said flagman, and at the time of said accident had no personal knowledge that the said flagman had been withdrawn; and that, just before attempting to cross said track at the time of said accident, she and her co-plaintiff looked for said flagman,

and the signals which he had been in the habit of giving of approaching trains, and did not see a watchman or flagman, or any signal whatever of the approach of any train. Which objection was by the court sustained and the evidence excluded, to which ruling of the court the plaintiffs at the time excepted."

We are of opinion that the court erred in rejecting the evidence thus offered.

The danger of injury may be much greater where a railroad crosses a street in a city or populous town, than where it crosses a highway in the open country, or other circumstances may make such crossing in one place more dangerous than in another; and it may be laid down as settled law, that the greater the danger the more care is required by ordinary prudence, on the part of the passer-by and the railroad company, the one to avoid and the other to prevent injury. *Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335; *Indianapolis, etc., R. R. Co.* v. *Hamilton*, 44 Ind. 76; *Pennsylvania Co.* v. *Krick*, 47 Ind. 368; *Dyer* v. *Erie R. W. Co.*, 71 N. Y. 228; *Pennsylvania R. R. Co.* v. *Barnett*, 59 Pa. St. 259; *Norton* v. *Eastern R. R. Co.*, 113 Mass. 366; *Continental Improvement Co.* v. *Stead*, 95 U. S. 161.

There may have been no law or ordinance which required the defendant to keep a flagman at the crossing to warn passers-by of approaching trains, but it does not therefore follow that the absence of such flagman, or signals, was not a proper circumstance to be considered by the jury, in connection with all the other circumstances of the case, in determining the question of the defendant's negligence. See the case above cited from 44 Ind. 76, and the case from 113 Mass. 366.

In the case of *McGrath* v. *The New York Central, etc., R. R. Co.*, 63 N. Y. 522, evidence like that offered in this case was held to be competent on the question of the defendant's negligence. The court, however, does not appear to have been unanimous in opinion upon the point. But the decision was subsequently followed by an undivided court, in the case of

*Casey* v. *The New York Central, etc., R. R. Co.*, 78 N. Y. 518. There the court said: "So also the question as to the habit of the company in keeping a flagman at the place in question was competent, in reference to the degree of care which the company had exercised. The evidence was admissible within the rule laid down in several reported cases." Citing some cases, among which is that in 63 N. Y. 522. See also Wharton Neg., section 798, and authorities there cited.

It is clear enough, as we think, that the evidence offered was competent to be considered on the subject of the imputed negligence of the defendant. But it was intimated in the case above cited from 63 N. Y., on the authority of a previous ruling in the same case (59 N. Y. 468), that the evidence was not competent to be considered on the subject of the plaintiff's negligence.

We, however, are not satisfied with that view of the question. If the defendant had, for a considerable time before the accident, kept a flagman at the crossing to give signals on the approach of trains, and if the plaintiffs had been in the habit of crossing the railroad at that place and observing the signals, and if, on the occasion of the accident, no signal was given, the plaintiffs not knowing that the services of the flagman had been dispensed with, these facts might, in our opinion, be considered by the jury, in connection with all the other circumstances, in determining whether or not the plaintiffs were free from contributory negligence.

The absence of any signal of an approaching train on the occasion did not dispense with the necessity, on the part of the plaintiffs, of using their natural senses and faculties in order to avoid danger, nor relieve them from the exercise of care and prudence commensurate with the danger; but the facts offered to be proved might well be considered, in connection with the other evidence in the case, in determining whether they did exercise such care and prudence.

Suppose, instead of a flagman stationed at the crossing, the

defendant had had gates placed across the street, kept open when the way was clear and shut when trains were passing or about to pass, and the plaintiffs had come along, and, finding the gates open, had driven through, and met with the injury complained of, is it not clear that the facts would have been competent to be considered in determining whether or not the plaintiffs were guilty of contributory negligence?

The case supposed does not differ in principle from the one here.  See the case of *The North Eastern R. W. Co.* v. *Wanless*, 9 Eng. Rep. (Moak) 1.

Wharton says: " The better opinion is, that it is a duty for the road to place a flagman at all crossings where there is a flow of travellers and a frequent passage of trains."  Wharton. Neg., section 798.

However this may be, the evidence offered would tend, with all the other circumstances shown, to throw some light on the subject of the plaintiffs' contributory negligence as well as that of the defendant's negligence.  This view is supported by the general course of reasoning and the authorities cited in the case of *Sweeny* v. *Old Colony, etc., R. R. Co.*, 10 Allen, 368.  See also, as having some bearing upon the question, *Bonnell* v. *The Delaware, etc., R. R. Co.*, 39 N. J. L. 189; S. C., 1 Thompson Neg. 404.

As the exclusion of the evidence offered was a sufficient ground for the reversal of the judgment rendered at special term, it is unnecessary to enquire whether there was any other ground for reversal.

The judgment of reversal at general term is affirmed, with costs, and the cause remanded.