## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* COFFMAN.

[No. 4,017.   Filed May 27, 1902.   Rehearing denied February 6, 1903.]

RAILROADS.—*Injury at Crossing.—Complaint.*—In an action for personal injuries sustained at a railroad and street crossing, a complaint alleging that plaintiff while driving an oil wagon approached the crossing; that it was dark and the wind was blowing; that upon nearing the crossing he stopped, looked for approaching trains, and listened for the electric gong; that defendant had negligently permitted the gong to be out of repair, and that no watchman was stationed at the crossing; that plaintiff attempted to cross and was struck and injured by a train going at the rate of fifteen miles an hour, in violation of a city ordinance. *Held,* that the complaint stated a cause of action. *pp. 463–465.*

RAILROADS.—*Injury at Crossing.*—*Failure to Sound Gong.*—*Gong Not Required by Law.*—*Evidence.*—In an action for damages for personal injuries sustained at a street and railway crossing, the fact that a gong was not sounded was properly admitted in evidence, although the defendant was not required by law to maintain such gong. *pp. 465, 466.*

SAME.—*Number of Cars on Switch.*—*Evidence.*—*Book Entries.*—In an action for personal injuries sustained by plaintiff as a result of being struck by an engine at the crossing of a street and switch track, the yard clerk's record showing the number of cars on the switch track at the time of the injury was properly excluded. *pp. 466, 467.*

SAME.—*Injury at Crossing.*—*Contributory Negligence.*—In an action for personal injuries sustained at a street and railway crossing, the evidence showed that plaintiff was driving a wagon, and that if he had listened he could have heard and avoided collision with an approaching train. *Held,* that plaintiff was guilty of contributory negligence, and could not recover, although he testified that he did stop and listen. *pp. 467–469.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Jerome B. Coffman against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*B. K. Elliott, W. F. Elliott, F. L. Littleton* and *J. T. Dye,* for appellant.

*E. F. Ritter, W. S. Doan, A. C. Ayres, A. Q. Jones* and *J. E. Hollett,* for appellee.

COMSTOCK, J.—The appellee brought the action in which the judgment from which this appeal is prosecuted was rendered to recover for injuries to his person, alleged to have been caused by the negligence of the appellant. The complaint is in two paragraphs. To each paragraph a demurrer was overruled. Issue was formed by an answer of general denial. Trial by jury and verdict for plaintiff.

The specifications in the assignment of errors allege: (1) That the trial court erred in overruling the demurrer to the first paragraph of the complaint; (2) in overruling the demurrer to the second paragraph of the complaint; (3) in overruling the appellant's motion for a new trial.

The first paragraph of the complaint alleges that the defendant is a railway corporation; that its line of railway crosses a public street in the city of Indianapolis known as Fletcher avenue; that at said crossing there are two main tracks and three side-tracks; that the crossing is at grade; that on the 31st day of December, 1898, plaintiff was driving an oil wagon along the said avenue, "and was, without fault or negligence on his part, approaching the said crossing from the east side thereof;" that it was dark and a strong wind was blowing; that he did stop the vehicle which he was driving, did look and listen, and did not see any approaching train; that "he listened for the sound of the gong which the defendant had placed at the said crossing to warn any person on said highway;" that the gong did not ring; that the defendant negligently and with knowledge suffered the same to be put out of repair so that the same would not ring; that at the time plaintiff came upon the defendant's track a locomotive of the defendant "was backing;" that the locomotive was run at a speed of fifteen miles an hour, in violation of an ordinance of the city of Indianapolis; that the defendant was negligently backing said engine without any person on the rear end thereof, as required by the ordinance of said city; that the defendant negligently failed to ring the bell of the engine; that the defendant negligently run the engine without any light thereon; that cars on the side-track obstructed the plaintiff's view. The paragraph pleads the municipal ordinance. It alleges a violation of sections one, two, and eleven thereof in the manner of operating said engine and the speed at which it was run.

The second paragraph is substantially the same as the first, except that it does not plead the municipal ordinance. It alleges the facts as to the location and the surroundings of the crossing in substantially the same language as the first paragraph employs; it alleges that the defendant was running the engine backward and alleges that the speed

was fifteen miles an hour, that the bell was not rung, that no watchman was stationed at the crossing to give warning.

The motion for a new trial assails the rulings of the trial court in admitting and excluding evidence, and in giving and refusing instructions.   It also asserts that the verdict is contrary to law, and that it is not sustained by sufficient evidence.

We have set out substantially the averments of the complaint.   No objection is pointed out to the first paragraph. The second under decisions of the Supreme and of this Court is sufficient to withstand a demurrer for want of facts.

In discussing the action of the court in overruling the motion for a new trial it is argued that there was error in permitting evidence to go to the jury as to a gong having been placed at the crossing by the appellant, because:   "(1) There was no duty prescribed, either by statute or by ordinance, requiring the defendant to place or maintain a gong at the crossing, nor was there any such duty prescribed by the common law, neither are there any facts showing that the defendant created any such duty, and it was error to permit evidence to go to the jury as to the gong having been placed at the crossing; (2) the appellant was not under a duty to provide any other warning or signals at the crossing than such as were required by statute or by ordinance; (3) the evidence as to the placing and maintenance of an electric gong was incompetent, insomuch as the appellant was not under a duty to provide such a means of warning, and the appellee had no right to assume that a gong would be provided or maintained; (4) the evidence was incompetent for any purpose, for the plaintiff testified that at many times prior to the accident he passed over the crossing and the gong did not sound or ring, so that he had no right whatever to rely upon a signal being given by the sounding of the gong; (5)

there was no evidence showing any negligence of defendant in relation to the gong."

The appellee testified as to the location and purpose of the gong, and that he had heard it ring before trains passed the crossing. He testified that he had passed over the cross-ing upon occasions when it did not ring, but he did not testify that he had passed over the crossing at any time when the gong did not ring on the approach of a train. The question decided in *Pittsburgh, etc., R. Co.* v. *Yundt,* 78 Ind. 373; 41 Am. Rep. 580, does not differ in principle from the question before us. We quote from the opinion: "If the defendant had, for a considerable time before the accident, kept a flagman at the crossing to give signals on the approach of trains, and if the plaintiffs had been in the habit of crossing the railroad at that place and observing the signals, and if, on the occasion of the accident, no signal was given, the plaintiffs not knowing that the serv-ices of the flagman had been dispensed with, these facts might, in our opinion, be considered by the jury, in con-nection with all the other circumstances, in determining whether or not the plaintiffs were free from contributory negligence.   *   *   *   Wharton says: 'The better opinion is, that it is a duty for the road to place a flagman at all crossings where there is a flow of travelers and a frequent passage of trains.' Wharton, Neg., §798. However this may be, the evidence offered would tend, with all the other circumstances shown, to throw some light on the subject of the plaintiffs' contributory negligence as well as that of the defendant's negligence. This view is supported by the general course of reasoning and the authorities cited in the case of *Sweeny* v. *Old Colony, etc., R. Co.,* 10 Allen 368. See, also, as having some bearing upon the question, *Bonnell* v. *Delaware, etc., R. Co.,* 39 N. J. L. 189; s. c. 1 Thompson, Neg., 404." See, also, *Union Pac. R. Co.* v. *Henry,* 36 Kan. 565, 14 Pac. 1; Elliott, Railroads, §668. Thompson, Negligence (2d ed.), §1539.

It is claimed that the court erred in refusing to permit defendant to introduce in evidence a record which was shown by the witness Charles Pefeffer to have been made by him as yard clerk of the appellant, to be a full and complete record of the number of cars on the switch track, known as Dolly No. 1 at the time the plaintiff was injured. The ruling of the court is sustained by the case of *Pittsburgh, etc., R. Co. v. Noel,* 77 Ind. 110.

Is the verdict sustained by sufficient evidence? A preponderance of the evidence shows that the appellant was not guilty of the negligence charged in the complaint. It shows that the engine that struck his wagon was running forward with headlight burning and bell automatically ringing; but as appellee testified that he was injured by an engine backing, without light or without the bell ringing to give him warning, the jury had the right to accept his version of the facts, and its verdict upon that point is conclusive upon this court. What is the evidence as to the contributory negligence of the appellee? The rule is so well established in this State that it must affirmatively appear that the injured person was in the exercise of due care at the time of the injury, that the citation of authorities to that effect is unnecessary. There was evidence that the only cars standing on the first track,—known as Dolly No. 1,—were 900 feet distant, but appellee having testified that there were cars standing on the side-track up to the sidewalk on the east side of the crossing, the jury might accept this statement as showing their true location. There were five tracks at the crossing. Appellee was on the third track from the north when struck. First saw the engine when his horse was on the third track, and the engine only five or six feet away. He had left home at seven o'clock that morning. Was going home. Had a great deal to do. It was freezing cold, and he wanted to get home. As soon as he saw the engine he hurried up the horse to get over, but

the wagon was struck. He stopped and looked and listened when sixty or sixty-five feet from the crossing. Stopped again when his horse was just on the first track. He was in the middle of the street, which at the crossing is about sixty feet wide. It was nearly twenty-six feet by direct measurement from the first track to the third, and forty feet measured along the street which angles at that point. There was no obstruction on the second track. He then had thirty feet or more of unobstructed view in the street itself. He had all the space between the first and third track, including the second track. No evidence is given of any other obstruction to his view in the direction from which the locomotive approached the crossing. If these cars were 900 feet away, they offered no obstruction. He was presumably possessed of good hearing and eyesight.

The railroad track being on a level with the highway was itself a warning of danger. If the cars in question were right up to the crossing and interfered with the appellee's view to the east, it was his duty, being familiar with the track, to exercise caution commensurate with the danger known to him. Appellee was entirely familiar with the track and surroundings. His home was in sight and within a short distance of the crossing. He knew that the gong at the crossing had not always sounded for passing trains. He testified that it was dark; that there was no light. There is evidence that the wind was blowing from the northwest. The conditions called upon him to exercise the care required to meet the increased danger. But remembering appellee's testimony, that he had stopped and listened for the approach of locomotive or cars twice,— once at a distance of sixty or sixty-five feet, once within four or six feet of the place where he was injured,—and excluding all evidence conflicting with that of appellee, we must, as said in *Lake Erie, etc., R. Co.* v. *Stick,* 143 Ind. 449, 463, consider "matters of general notoriety and matters of every-day observation and our knowledge of the laws

of nature," and must know that appellee must have and did hear the engine going at the rate of fifteen miles an hour,—at which speed he testified that it was running,—in time to escape, if he stopped and listened as he said he did. His evidence is not sufficient to prove that he was free from contributory negligence. Being insufficient to establish this essential fact, the verdict is not supported by the evidence. If he listened he must have heard; if he heard, he did not heed, but hurried on in the face of danger. The conclusions reached render it unnecessary to consider other alleged errors.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.

## On Petition for Rehearing.

Per Curiam.—The opinion states that the wind at the time of the appellee's injury was blowing from the west. In the petition for a rehearing the attention of the court is called to the fact that this is incorrect. The evidence shows that the wind was blowing from the northwest.

Appellee interprets the opinion as holding that the burden of proving freedom from contributory negligence was upon appellee, whereas, under the act approved February 17, 1899, concerning pleading and proof in action for damages, etc. (Acts 1899, p. 58), freedom from contributory negligence need not be alleged nor proved, but is matter of defense. The complaint alleges appellee's freedom from contributory negligence. The issues were framed and the trial appears to have proceeded upon the theory that appellee was free from contributory negligence. True, the opinion states that appellee's evidence is not sufficient to prove his freedom from contributory negligence, and, being insufficient to establish this fact, the verdict is not supported by the evidence. Yet, whether the contributory negligence of an injured party affirmatively appears from his own or the evidence of the adversary

party, is not, if it so appears, material. The opinion rests upon the proposition that it appears from the evidence of appellee, including undisputed physical facts, that appellee was guilty of contributory negligence.

The petition for rehearing is overruled.