# The Rushville Natural Gas Company *v.* The Town of Morristown et al.

[No. 4,249. Filed February 6, 1903.]

Municipal Corporations.—*Nuisance.—Ordinance.—Regulating Price of Gas.*—A town ordinance recited that a gas company was repudiating its contract with the town and refusing to be bound by an ordinance regulating the price of gas for light and fuel, and that if the contention of the company were true the company was a trespasser upon the streets and alleys of the town. The ordinance then provided that if the gas company did not on or before a certain time file a written acceptance of the provisions of former contracts and ordinances with said town to supply gas in accordance with the terms of the ordinance then adopted, the town marshal should sever the connection of the company and exclude it from using the streets and alleys of the town for furnishing gas. *Held*, that the ordinance was not a declaration within the meaning of subdivision 4 of §4357 Burns 1901 that the pipes of the gas company were a nuisance, but that it was an unlawful attempt on the part of the town to regulate the price of gas.

From Decatur Circuit Court; *F. T. Hord*, Judge.

Suit by the Rushville Natural Gas Company against the town of Morristown and others. From a decree in favor of defendants, plaintiff appeals. *Reversed.*

*B. F. Love, H. C. Morrison, B. L. Smith, Claude Cambern* and *D. L. Smith*, for appellant.

*Isaac Carter, K. M. Hord* and *E. K. Adams,* for appellees.

ROBY, C. J.—Appellant sought by this action to enjoin appellees from cutting its gas-mains or otherwise interfering with its property within the corporate limits of the town of Morristown. The case was tried upon the second paragraph of the complaint, a demurrer having been sustained to the first paragraph. The issue was formed by a general denial. A special finding of facts was, at the request of the parties, made by the court, and conclusions of law stated thereon. Appellees filed a cross-complaint, and appellant moved to strike it from the files. Demurrers to each paragraph of the cross-complaint were subsequently overruled, and the issue upon it made by a general denial. The judgment following the conclusions of law is in favor of appellees upon the complaint.

No conclusions of law being stated or judgment rendered upon the cross-complaint, it is not, therefore, necessary to determine whether or not it was germane to the cause of action stated in the complaint; nor are the rulings upon the demurrers thereto of importance, since the errors, if any, were harmless. *Burkam* v. *Burk,* 96 Ind. 270; *City of Decatur* v. *Grand Rapids, etc., R. Co.,* 146 Ind. 577-579.

Appellant excepted to each conclusion of law, and has assigned error upon each of said conclusions of law, thereby presenting the substance of the controversy. The material facts of the special finding, so far as necessary to a decision of the question decided, are, that the Town of Morristown is a municipal corporation; the appellant, a corporation engaged in supplying gas to said town and citizens; and that on March 26, 1900, prior to the institution of this action, the board of trustees of said town passed an ordinance, in accordance with the terms of which the town and its officers were then proceeding. In reviewing the conclusions of law stated by the court it is of primary importance to determine the character and scope of the ordi-

nance, since its validity and effect must, in the end, determine appellant's right to the relief sought. It is of the tenor following: "An ordinance to require the Rushville Natural Gas Company to comply with the ordinance of the town of Morristown, and the contracts of the corporation in furnishing fuel and lights to the citizens of said town, or requiring them to remove their property from said town, and severing their gas-pipe connection from said town.

"Section 1. Whereas, the Rushville Natural Gas Company is repudiating that they have any contract with the town of Morristown, or that they are bound by any ordinance heretofore passed regulating the prices of gas for light and fuel in said corporation, and are denying that they are bound by any ordinance or contract to that effect, which if true makes the Rushville Natural Gas Company trespassers upon the streets and alleys of said town, and they are occupying the same without any legal authority and are charging the citizens of said town prices largely in excess of the prices fixed by contract and by the ordinance of said town, and are exacting from the citizens of said town money largely in excess of what they are legally authorized to do, and are in every way violating the ordinance of said town in reference thereto, and are refusing to comply with the ordinance of said town, and with the contracts made with their grantors and assigns:

"Therefore, be it ordained by the trustees of the town of Morristown, in special session assembled, that the said Rushville Natural Gas Company be notified and directed, on or before Monday, 2d day of April, A. D. 1900, to sever the connection of their gas-plant with the streets and alleys, houses and buildings of said town, and if they do not do so, then the town marshal be, and is hereby directed, at the corporation line of the said Morristown, but within the corporate limits of said town, to sever and cut off connection of the gas-mains of the said Rushville Natural Gas Company with the said town, so as to prohibit nat-

ural gas to flow from their mains outside of said corporation into said town. And the said marshal is hereby directed, with proper skilful assistance, to sever said connections, and to cap the mains of said company at said point in said town so as to prevent, as far as possible, the escape of said company's gas needlessly from said main, doing said company as little damage as possible, and report his expenses and doings in reference to the same to the town board of said town; unless said gas company, on or before ten o'clock on the 2d day of April, A. D. 1900, shall file a written acceptance of the provisions of former contracts and ordinances with said town to supply the citizens thereof with gas for fuel and light as follows, namely: One cook-stove $1.25 per month for twelve months; heater, for the first, $1.50 per month for seven months; for the second heater, $1.25 per month for seven months; third heater for same person, $1 per month for seven months; for lights, the sum of ten cents per month, or three lights to the same person for twenty-five cents per month. Said gas company shall not only by their written statement accept and agree to charge the foregoing prices to the citizens of said corporation, but shall agree thereby for themselves, their assigns, and grantees to continue to do so, and never at any time ask or demand or receive from any of said citizens a greater sum for fuel or lights than above stated. And if said company shall so undertake in writing, then the said marshal shall not sever the connection of said company or exclude said company from using and occupying the streets and alleys of said town for furnishing fuel and light to its citizens.

"Section 2. Upon the failure of said company to comply with this ordinance and the conditions herein specified, then the marshal shall proceed to execute same. And the said Rushville Natural Gas Company is directed and ordered to remove all their property from the streets and alleys of said town on or before the 15th day of April, A. D. 1900,

without unnecessary damage or injury to the streets and alleys of said town. And after said period said company will not be permitted to make any excavation, or do any digging, or in any way interfere with the streets and alleys in said town.

"Section 3. It is hereby ordered and directed that the clerk of the town of Morristown be, and is hereby directed to issue three certified copies of this ordinance,—one of which shall be delivered to any agent or representative of said company in the town of Morristown, and the other shall be delivered to the agent or representative of said company at the office of said company in the city of Rushville, and upon the third he shall make a return to the town board of the town of Morristown of his actions and doings in carrying out the provisions of this ordinance.

"Section 4. An emergency is declared for the immediate taking effect of this ordinance, and it is therefore ordered and declared that this ordinance shall be and go into effect from and after its passage."

The right to adopt and enforce it is claimed under subdivision 4, §4357 Burns 1901. Power was therein conferred upon the town "to declare what shall constitute a nuisance and to prevent, abate and remove the same, and take such further measures for the preservation of the public health as they shall deem necessary." The word 'nuisance" is not used in the ordinance. Its omission, in view of the concise phraseology of the statute, is not in keeping with the construction sought to be placed upon the ordinance. The ordinary method of declaring a nuisance is to say that the thing against which the ordinance is directed is a nuisance. A municipality has no power under this statute, or otherwise, to declare and treat as a nuisance that which can not be one. *Baumgartner* v. *Hasty,* 100 Ind. 575-577, 50 Am. Rep. 830; *City of Evansville* v. *Miller,* 146 Ind. 613, 38 L. R. A. 161; *First Nat. Bank* v. *Sarlls,*

129 Ind. 201, 13 L. R. A. 481, 28 Am. St. 185; Wood, Nuisance (3d ed.), §744.

It is equally well settled that in doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in the exercise of their legislative functions under a general grant of power, their decision is conclusive. *Baumgartner* v. *Hasty, supra.*

An unauthorized obstruction of a public highway by an individual is a nuisance *per se,* because it is a thing that can not be authorized. *City of Valparaiso* v. *Bozarth,* 153 Ind. 536, 47 L. R. A. 487. This rule does not apply to the use of the highway by a *quasi* public corporation for a purpose within the right of the municipality to grant. *Town of Newcastle* v. *Lake Erie, etc., R. Co.,* 155 Ind. 18. The right to lay gas-mains in the streets is one which may be so granted. *City of Noblesville* v. *Noblesville Gas, etc., Co.,* 157 Ind. 162. Such use, if persisted in for a sufficient period, may be sufficient to raise a presumption of a grant. *Town of Newcastle* v. *Lake Erie, etc., R. Co., supra.*

The preamble of the ordinance under consideration implies the existence of an ordinance regulating the furnishing of fuel and lights to the citizens of the town, and of contracts to the same effect, which, in the nature of things, could only be if the gas company were rightfully using the streets. As an alternative for the failure to observe such ordinance and contract, and as a penalty for noncompliance therewith, the appellant is required to remove its property from said town and sever its gas-pipe connection therefrom. Section one recites the position said to be assumed by the appellant relative to contracts and ordinances theretofore passed regulating prices of gas for light and fuel in said town, but does not in anywise concede the correctness of the position. It is further stated that the contention, "if true," makes the said gas company a trespasser upon the streets and alleys of the town. It needs

no argument to show that such statement comes far short of a declaration that the appellant was a trespasser upon the streets. It is assumed that a declaration of such trespass may be treated as equivalent to the declaration of a nuisance in terms. *Coverdale* v. *Edwards,* 155 Ind. 374.

That the purpose of the board of trustees was not to declare a nuisance is further shown by the directions given in said section to the marshal for the cutting of appellant's gas connections "unless said gas company, on or before ten o'clock on the 2d day of April, A. D. 1900, shall file a written acceptance of the provisions of former contracts and ordinances with said town to supply the citizens thereof with gas for fuel and light as follows, namely: * * * Said gas company shall not only by their written statement accept and agree to charge the foregoing prices to the citizens of said corporation, but shall agree thereby for themselves, their assigns, and grantees to continue to do so, and never at any time ask or demand or receive from any of said citizens a greater sum for fuel or lights than above stated." The failure of appellant to file such writing is, by section two of the ordinance, made a test upon which the destruction of the property depends. Taken in its breadth and scope, giving effect to all its terms, the enactment can only be treated as an attempt to regulate the price to be charged for natural gas within said town, and to require a contract from appellant to that effect, failing to make which, its property rights are to be sacrificed. The statute gave it no power thus to regulate prices. *City of Noblesville* v. *Noblesville Gas, etc., Co., supra.*

Neither individuals nor corporations can be coerced to the making of contracts. This construction accords with the contention of the town during the progress of the cause. Its cross-complaint, to which reference has been heretofore made, proceeded upon the theory that appellant was under contract obligation with it to furnish gas at stipulated prices. The pleading clearly recognized a grant, or at least

Cleveland, etc., R. Co. *v.* Coffman.

a right of some kind on the part of appellant, to occupy the streets of the town. Had the town instituted an action in the court below asking that the occupation of its streets by appellant be declared to be without right and a nuisance, as it might have done *(American, etc., Co. v. Town of Batesville,* 139 Ind. 77), it would then have become competent for such court to have considered all the facts connected with such occupation and use, and to have determined the respective rights of the parties. Facts are found sufficient to have enabled the court to have made such declaration. They are not sufficient to defeat the injunction proceeding, for the reason that no attempt is made to invoke the judgment of the court as to such rights. Unless the ordinance enacted by the board of trustees is in itself sufficient to warrant the action threatened, it can make no difference that facts existed upon which a valid ordinance might have been based or an action sustained.

The judgment is reversed, and cause remanded, with instructions to restate the twelfth conclusion of law in accordance herewith, and to render judgment thereon against appellees.