CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* SCHNEIDER.

[No. 5,980. Filed April 10, 1907.]

1. PLEADING.—*Complaint.—Railroads.—Street Crossings.*—A complaint alleging that plaintiff relied upon an electric bell maintained by defendant company at a certain street crossing to give her warning; that such bell was out of repair and gave no warning; that she looked and listened for an approaching train, but could not see or hear any, and that she proceeded carefully and without negligence on her part, but was struck by defendant's train and injured, is sufficient. p. 42.

2. TRIAL.—*Verdict.—General.—Answers to Interrogatories.—Which Controls.*—Where the answers to the interrogatories to the jury are not in irreconcilable conflict with the general verdict, the latter prevails. p. 43.

3. SAME.—*Instructions.—Railroads.—Street Crossings.—Failure of Signal Bell to Ring.*—An instruction that if defendant railroad company's signal bell at a street crossing had been out of order so long that the company should have known of it, and it failed to repair it, it was guilty of negligence, is not prejudicial to defendant, though there was no evidence that the bell was out of repair, the presumption being that the jury found in defendant's favor on such fact. p. 43.

4. SAME.—*Instructions.—Burden of Proof.—Contributory Negligence.*—An instruction, in a personal injury case, that the plaintiff must be free from fault; that the presumption is that in crossing a railroad track she used the degree of care required by law; that such presumption may be removed by the evidence, and the burden "to remove that presumption" is on the defendant, is not misleading. p. 43.

5. SAME.—*Instructions.—Peremptory.*—Where the evidence, in a personal injury case, shows that plaintiff watched defendant's signal bell at the street crossing and it did not ring; looked and listened for approaching trains, but neither saw nor heard any; that while her horses were nearing and partly on the track defendant's train approached at the rate of sixty miles an hour, inflicting injuries on her, a peremptory instruction for defendant should be refused. p. 44.

6. SAME.—*Instructions.—Contributory Negligence.—Look and Listen.*—It is not erroneous to refuse to instruct, in a railroad street

crossing case, that .if plaintiff failed to stop at the greatest possible distance from the track, from which she could look and listen for approaching trains, she would be guilty of contributory negligence, where plaintiff was relying to some extent upon a warning from the signal bell which defendant had maintained at such crossing. p. 44.

7. TRIAL.—*Instructions.—Invasion of Province of Jury.*—An instruction which undertakes to tell the jury what the preponderance of the evidence shows, is bad. p. 44.

8. SAME.—*Instructions.—Railroads.—Crossing Signal Bells.—Notice.*—The refusal to give an instruction, in a personal injury case, that while the failure of defendant railroad company to keep in repair its street-crossing signal bell, might be negligence, still, its being out of service for a long time might be notice that it had been discontinued, and therefore was not to be relied upon, was harmless, where plaintiff did not know the bell was out of order. p. 44.

9. APPEAL.—*Briefs.—Failure to Set Out Interrogatories Refused.*— A failure by appellant to set out in its brief the interrogatories refused, or their substance, waives the right to question rulings thereon. p. 45.

10. TRIAL.—*Railroads.—Negligence.—Contributory.—Crossing Signals.*—The failure of a railroad company's street-crossing signal bell to ring raises the presumption of safety, and such fact exerts a potent influence in determining plaintiff's contributory negligence. p. 46.

11. RAILROADS.—*Street Crossings.—Flagmen.*—It is the duty of a railroad company to station flagmen at its much-used street crossings. p. 46.

12. SAME.—*Negligence.—Contributory.—Invitation.*—The law does not require the same diligence from a party allured to his injury by the defendant, as from one not so allured. p. 46.

13. RAILROADS. — *Street Crossings.—Negligence.—Contributory.*— *Question for Jury.*—Where a traveler relies upon a street-crossing signal bell which gives no warning of the approaching train, and then upon approaching the crossing, the track being obscured by buildings, she looks and listens vainly for an approaching train, and, as she drives upon the track, is struck by a train traveling at sixty miles an hour, receiving injuries, the questions of negligence and contributory negligence are for the jury. p. 46.

From Ripley Circuit Court; *Willard New,* Judge.

Action by Kate Schneider against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*L. J. Hackney, J. O. Cravens* and *T. S. Cravens,* for appellant.

*J. H. Connelley* and *H. D. McMullen,* for appellee.

Comstock, J.—Appellee brought this action against appellant to recover damages for personal injuries received by her at a public crossing, through the alleged negligence of appellant. The complaint was originally in two paragraphs. There was a several demurrer to each paragraph, for want of sufficient facts. This demurrer was sustained as to the first paragraph and overruled as to the second. The cause was put at issue, and trial had, resulting in a verdict and judgment in favor of appellee for $1,200.

The action of the court in overruling (1) appellant's demurrer to the second paragraph of complaint; (2) the motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict, and (3) the motion for a new trial, are the errors assigned.

In said second paragraph it is alleged, in substance, that on February 28, 1905, the plaintiff was riding in a spring wagon, drawn by two horses; that her husband was driving upon a public street in the town of Sunman, Ripley county, Indiana, approaching the defendant's railway track; that on that day, and for several months prior thereto, there was and had been an electric bell fastened to a post standing near to said railway crossing that was placed there and maintained by defendant company for the purpose of notifying persons traveling upon said highway of the approach of trains and the danger of crossing said tracks; that prior to said day appellee had crossed said railroad track at that point; that she knew of said electric bell and its object; that whenever she had passed said crossing after said post, bell, and apparatus were erected, before the day she received her injuries, she found that said bell rang loudly and gave warning of approaching trains, and she also found that when the bell was not ringing there was no train approaching within a quarter of a mile; that on said day, as

she approached said crossing, she carefully observed and listened for the warning of an approaching train, but heard no warning and heard no approaching train; that on each side of said street there were rows of high buildings which extended to within ten feet of said defendant's railroad track, and completely obstructed the view of said crossing until within ten feet of the same. She further says that on approaching said crossing from the south there is no opportunity to hear or see a train approaching upon defendant's road, and that persons walking or driving upon said street from the south, approaching said crossing, are compelled to and do depend entirely upon the bell and apparatus, hereinbefore described, for their safety, and for the proper and safe time to pass over defendant's track upon said street; that the purpose of placing said bell, post and apparatus was and is to notify people when it is safe to pass over said track; that on said February 28, as she approached said crossing, she proceeded carefully, and as she approached said track she saw the post upon which the bell was placed to give warning, and the bell, post and apparatus had no other or different appearance than it had when she crossed before; that relying upon the duty of the defendant company, and relying upon the fact that the bell was not ringing and did not ring, and believing that the silence of the bell was an invitation for her to proceed to cross said track, and indicated that there was no approaching train, she did then and there, with due care and caution, proceed with her husband upon defendant's said track. It is further alleged that the defendant negligently failed to give to the plaintiff the proper warning and signals of an approaching train, and negligently and carelessly allowed the apparatus connected with said bell to become and remain broken and out of order, so that the bell would not and did not ring or give any warning whatever when there was a train approaching said crossing; that on said February 28, 1905, said bell was out of order, broken, and would not and

did not ring, and that the defendant had negligently allowed said bell to be and remain out of order for the space of thirty days, knowing it was in that condition; "that all of plaintiff's said injuries were caused by the wrongful and negligent act of the defendant in failing to repair said bell and apparatus at said crossing, thereby giving notice of the approach of trains at said crossing; that both plaintiff and her husband relied upon said bell and believed that said bell would give the usual alarm in case any train was approaching said crossing, and within a quarter of a mile of said crossing; that, by reason of the broken condition of said bell and apparatus, said bell failed to give any alarm or notice to the plaintiff of the approach of said train; that plaintiff and her husband were thereby misled and deceived by said defendant, and caused to go upon said crossing."

It is argued that the demurrer to the second paragraph of the complaint should have been sustained, because it shows that appellee relied solely on the electric bell to give

1. her warning, and failed to look or listen for an approaching train; that her failure to do so constituted contributory negligence. It is true that the complaint alleges that her injuries were due to the negligence of appellant in failing to repair said bell and to give any notice of the approach of said train, but it also avers that as she approached the track "she carefully observed and listened for the warning, and for an approaching train," and "as plaintiff approached said crossing and railroad she proceeded carefully and with due care and caution," etc. It is further alleged that she was without fault or negligence. While the failure to give warning is charged as an act of negligence of appellant, it cannot be conceded that the complaint shows that her conduct was so heedless as to show contributory negligence.

Objections to the complaint are not well taken. The court

did not err in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, for the reason that there is not an irreconcilable conflict between the two.

Objection is made to instructions six, seven and eight given by the court of its own motion. In the sixth the jury were told that plaintiff had the right, as she approached the crossing in question, to look and listen for the warning of danger from said electric bell, and if said bell was out of order, and had been for such a period of time that the company might, by the exercise of ordinary care, have repaired the same, and it failed to do so, it was guilty of negligence. The only criticism of this instruction is that there was no evidence that the bell was out of order, but that it was disconnected, and had ceased to be used as a warning device about six months prior to the accident, and that therefore the court's instruction was misleading. We are not referred to the part of the record in which the evidence upon this question is to be found, still, as the question was whether the bell would or would not ring, it being in its accustomed place, whether because it was out of order or disconnected would not be material. If there was no evidence that it was out of order, the jury will not be presumed to have found that it was.

The objection to the seventh instruction is substantially the same as that to the sixth, and, for the same reason, what we have said of the sixth applies to the seventh.

Instruction eight is as follows: "You will bear in mind that I have said to you that she herself must be free from fault. It is the law at this time that where a person is injured on a railroad crossing of a public highway, the presumption is that the plaintiff used the degree of care and caution that the law requires. This presumption, however, may be removed by the evidence, and the burden is upon the defendant to remove that presumption."

It is stated by appellant that said instruction necessarily gave the jury the impression that evidence of contributory negligence could come only from the appellant's witnesses. We cannot admit that such impression would be made upon a jury of average intelligence.

Complaint is made of the refusal of the court to give instructions one, eight and twelve, requested by appellant. Said first instruction would have directed the jury to return a verdict for the defendant. In view of the evidence it would have been error to give it.

The eighth would have told the jury that appellee should have made a reasonable effort to stop the team at the greatest possible distance from the track from which she would be able to see the track, east and west of the crossing, and to both look and listen for approaching trains, and that if she failed to do so she could not recover. In determining whether appellee should have stopped the team, and whether if she failed to do so she would be guilty of contributory negligence, it would be proper to take into consideration the evidence as to the electric bell, and how plaintiff was reasonably influenced by appellant's conduct in connection therewith. The instruction as requested would have taken such evidence from the consideration of the jury.

Instruction twelve was correctly refused, because it undertook to tell the jury what the preponderance of the evidence showed.

The thirteenth was as follows: "While, as I have said, the electric bell may have been out of order, and out of service for such a length of time that the defendant might, by the exercise of ordinary care, have known of its condition and repaired it, and by its failure so to do said company might be guilty of negligence, I also charge you that such bell may have been out of service and disconnected for such a length of time as to charge persons living in the vicinity, familiar with the crossing and in the

habit of using the crossing with knowledge of its condition, and to indicate to them an intention on the part of the company to discontinue the use of such bell." The refusal to give this instruction was harmless, because the evidence shows that appellee did not know that the bell was out of order, or not working.

Appellant complains of the refusal of the court to submit to the jury interrogatories fifty, fifty-three, fifty-six, fifty-seven and fifty-eight. Neither the interrogatories nor

9. the substance of them is set out in the brief. This omission indicates that counsel are not seriously insisting on the exception.

The evidence shows that appellee came to Sunman about once a month; that she was familiar with the crossing at which she received her injury; that it was a dangerous crossing, because near the railroad, and buildings obstructed the view of the track; that she knew of the alarm bell for about one year before the accident, and knew that it rang upon the approach of a train; that she saw the bell and post on the day of the accident, when she was on the street about one hundred and twenty feet away, and also after getting on the wagon to go home; that both before and after she got on the wagon she listened and looked for a train, and did not see nor hear any; that when she and her husband approached the crossing, her husband, who was driving, pulled back the horses and looked each way for a train, but looked chiefly toward the bell, but they did not hear it ring, or did not hear a whistle or any sound after she had gotten into the wagon; that she did not know that the bell was broken and out of repair; that she thought it would ring if a train were coming; that the horses were walking slowly at the time, and had their feet on the front rail of the track when she saw the train; that it was running at about sixty miles an hour; that her husband pulled back the horses a step, but not far enough to escape the train, and they were struck.

The evidence is conflicting as to where and how many times the whistle on the locomotive was sounded. The failure of appellant's signal to give warning raised the presumption of safety. That fact was important, at least upon the question of appellee's contributory negligence. *Pittsburgh, etc., R. Co.* v. *Yundt* (1881), 78 Ind. 373, 41 Am. Rep. 580; *Cleveland, etc., R. Co.* v. *Heine* (1902), 28 Ind. App. 163, and cases cited; *Sweeny* v. *Old Colony, etc., R. Co.* (1865), 10 Allen 368, 87 Am. Dec. 644; *Bonnell* v. *Delaware, etc., R. Co.* (1877), 39 N. J. L. 189; *Union Pac. R. Co.* v. *Henry* (1887), 36 Kan. 565, 14 Pac. 1; 1 Thompson, Negligence (2d ed.), §404; 3 Elliott, Railroads, §1157; *Cleveland, etc., R. Co.* v. *Coffman* (1903), 30 Ind. App. 462. Wharton, Negligence (2d ed.), §798a, says that a better opinion is "that it is a duty of a railway company to place a flagman at all crossings in thickly populated centers, where there is a flow of travelers and a frequent passage of trains."

Diligence is comparative, depending largely upon the circumstances calling for its use. The courts do not require the same diligence from parties who are apparently lured to their injury or destruction by the misleading conduct of the adversary party, and for which they are not responsible.

From the facts detailed, it was for the jury, under proper instructions from the court, to determine with whom the responsibility, under the law, rested for the injury to the plaintiff. We are not warranted in disturbing the verdict.

Judgment affirmed.