LAKE ERIE AND WESTERN RAILROAD COMPANY
*v.* McFARREN.

[No. 23,290. Filed March 4, 1919.]

1. RAILROADS.—*Crossing Accident.*—*Contributory Negligence.*—*Jury Question.*—*Signals.*—In an action for injuries sustained by the plaintiff at a railroad crossing, where the view of the track was obstructed and a gong had been installed to give warning of approaching trains, the plaintiff having knowledge of the gong and its purpose, it was not contributory negligence, as a matter of law, for the plaintiff, in approaching the crossing, to act on the assumption that the defendant would not violate an ordinance relative to speed and the giving of signals, nor to assume that the gong would be kept ringing when trains approached, the question being one of fact for the jury. pp. 116, 118, 124.

2. APPEAL.—*Review.*—*Weight of Evidence.*—The Supreme Court, when the evidence is conflicting, will consider only the evidence tending to support the verdict. p. 116.

3. RAILROADS.—*Crossing Accident.*—*Contributory Negligence.*—*Burden of Proof.*—In an action against a railroad company for injuries sustained in a crossing accident, contributory negligence on the part of the plaintiff is a matter of defense, under Acts 1899 p. 58, §362 Burns 1914, and, in the absence of evidence on the subject, the jury's finding on that issue must be for the plaintiff, since the burden of proof thereon is upon the defendant. p. 116.

4. NEGLIGENCE.—*Contributory Negligence.*—*Questions for Court and Jury.*—In personal injury cases, the question of the plaintiff's contributory negligence is for the jury, unless upon the

controlling facts reasonable minds can come to but one conclusion, in which· event the question is one of law for the court. p. 117.

5. TRIAL. — *Instructions.* — *Construing Together.* — Instructions must be construed together, and if the instructions, when so construed, state the law correctly, and in such manner as not to be misleading, there is no error, though one or more of the instructions considered separately might be incomplete or misleading.    p. 119.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by Joseph McFarren against the Lake Erie and Western Railroad Company. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under Acts 1901 p. 590, §1405 Burns 1914.) . *Affirmed.* ·

*Walter Olds* and *John B. Cockrum,* for appellant.
*Peterson & Moran* and *Frank W. Gordon,* for appellee.

WILLOUGHBY, J.—Appellee sued appellant for damages on account of an injury alleged to have occurred at a street crossing in the city of Bluffton, Indiana, on account of alleged negligence of appellant. The complaint was in three paragraphs and issues were formed on each paragraph by general denial. Trial by jury and verdict for appellee in the sum of $2,500. Appellant filed a motion for new trial, and the court, after requiring appellee to enter a remittitur for $500, overruled such motion.

The only errors assigned by appellant and not waived are: 1. The verdict of the jury is not supported by sufficient evidence and is contrary to law. 2. The court erred in giving instruction No. 7 at request of appellee. 3. The court erred in giving instruction No. 8 at request of appellee.

The evidence shows substantially the following facts: That on the morning the accident occurred, appellee, together with Hugh Rowe, had gone to the F. L. Mercer Lumber Company for lumber; that, as they went across

appellant's right of way, they abserved the gong at the crossing, both of whom were acquainted with the purposes of the same. The gong was an alarm bell on a pole near the railroad at the intersection of the railroad crossing and Wabash street, used to give warning to persons passing along Wabash street, over appellant's tracks, of the approach of locomotives or trains to the crossing; that they procured their load of lumber, and came out of the yard immediately west of the railroad company's right of way and track, and the appellee, together with Mr. Rowe, stopped at said point, and looked and listened for the approach of trains to said crossing, and then drove their team to the south of the center of the street so that they would both be in a position to see the gong and determine from sight whether or not the same was ringing, as well as to determine said fact by hearing; that they approached, looking and listening for said train, and listening for the ringing of said gong; that said gong was not ringing; that on the south side of said railroad crossing and immediately west of the switch adjacent to said main track was a large elevator, and immediately east of said elevator was a box car which prevented appellee from having a clear view to the south; that he watched to the south and looked to the south until he got in a position so that he was able to see that there was no train coming from the south, at which point he was eight or ten feet west of appellant's main track; that he then looked to the north and discovered a locomotive coming from that direction running backward at a rate of speed of from eight to fifteen miles an hour. On the north side of the street west of appellant's tracks and switch at said crossing was the F. L. Mercer Lumber Company's office. Immediately east of the F. L. Mercer Lumber Company's office there was a warehouse. Immediately east of the warehouse was a coal shed, and immediately east of the

coal shed was a box car on the switch, which box car extended over the sidewalk onto the street, and which prevented Mr. Rowe and Mr. McFarren from seeing to the north as they approached said crossing. The street between the switch and the main track of appellant is down grade about one foot to eighteen inches. An ordinance of the city of Bluffton providing that locomotives shall not be run at a faster rate of speed than six miles per hour within the city limits, and providing for the continuous ringing of the bell on a locomotive from the time the locomotive enters the city limits until it leaves the city limits was read in evidence.

The appellee contends that upon these facts the question of contributory negligence was for the jury to determine, and, if found in favor of appellee on that question, this court should not disturb the finding.

The appellant insists that upon the foregoing facts the plaintiff was guilty of contributory negligence as a matter of law, and consequently could not recover, and asserts that the evidence shows this crossing to be a very dangerous one, and that it was not only the duty of plaintiff to stop, look and listen, but that he should have stopped his team and gone ahead to look for approaching trains before attempting to cross, and his failure to do so established his negligence as a matter of law.

This court will not weigh the evidence, and when the evidence is conflicting, will consider only such evidence as tends to support the verdict. The burden is upon the defendant to prove contributory negligence. But in determining that question all the evidence in the case will be considered whether introduced by the plaintiff or the defendant. The appellant contends that, in order for the appellee to recover in an action of this kind, it must appear from

the evidence that he was free from contributory negligence. That is not the law, since the act of 1899 (Acts 1899 p. 58, §362 Burns 1914) provides that contributory negligence on the part of the plaintiff shall be a matter of defense. The law now is that, if there is no evidence on the subject of contributory negligence of the plaintiff, the finding must be against the defendant on that issue because the defendant has the burden of proof. In the case of *Grand Trunk, etc., R. Co.* v. *Reynolds* (1910), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850, the court said: "If a traveler is injured at a railway crossing, there is no presumption, in the absence of evidence, either for or against negligence. The traveler is not aided by a presumption of freedom from fault, nor the railway by a presumption of contributory negligence. It is simply a failure of proof upon the part of the railway as to an issue, the burden of showing which is by statute cast upon it." In the case of *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499, it is held that, where contributory negligence is relied upon in personal injury cases, "each party charged the other with negligence under the issues joined, and the alleged negligence of each was a matter for the determination of the jury from all the facts and circumstances given in evidence, unaided by any presumption of law in favor of or against either party."

If there is any dispute as to the controlling facts on the question of contributory negligence, and if there is any room for different conclusions by reasonable men, then the question of contributory negligence is one of fact for the jury. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Buehner Chair Co.* v. *Feulner* (1904), 164 Ind. 368, 73 N. E. 816. It is only where there is no dispute as to the controlling facts, and no room for different conclusions upon the part of reasonable minds as to the ques-

tion of contributory negligence, that it becomes a question of law for the court. *Buehner Chair Co.* v. *Feulner, supra.*

In *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383, it is held that, though a railroad company is not required to keep or maintain an electric bell at a crossing, yet, if it had voluntarily kept and maintained one, the traveling public had a right to rely upon it to the extent of presuming that it would correctly indicate the danger or serve the warning which it was intended that it should give.

In a case similar to the one at bar the court said: "The case before us belongs to the class in which railroad companies are held responsible because they put the traveler off his guard and lure him into danger. The general rule upon this subject is thus stated by one of our text-writers: 'Where a person is ignorant of the location of a crossing, or where the circumstances are such as to mislead him as to the necessity for looking or listening for the approach of a train, he cannot as a matter of law be said to be guilty of negligence *per se* for neglecting to do so. Thus, where, as is the case in some localities, the company maintains gates at certain crossings, which are closed at the approach of a train, he has, if they are open when he is near the crossing, a right to rely upon it that it is safe for him to cross, and if the company neglects its usual duty, and does not close them, or otherwise notify travelers of the approach of a train, it cannot relieve itself from liability simply because the traveler neglected to look or listen for himself.'" *Pennsylvania Co.* v. *Stegemeier, Admx.* (1889), 118 Ind. 305, 20 N. E. 843, 10 Am. St. 136.

In the case at bar the plaintiff knew of the gong, and the purpose for which it was kept, and he had a right to assume that it would be ringing if a train was approaching in close proximity, and he also had

a right to assume that the defendant's servants would not violate the city ordinance relative to speed or the ringing of the bell on said locomotive. Under the circumstances as shown by the evidence, the court cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence, but the question of his contributory negligence was a question of fact for the jury to determine from the evidence. In this case the jury found that the plaintiff was not guilty of contributory negligence, and we are not warranted in disturbing such verdict.

Appellant insists that the court erred in giving instructions Nos. 7 and 8, given at request of appellee.

5. In considering this question we must look to all the instructions given in the case. A charge to the jury must be considered as a whole. Instructions must be taken and considered together, and not in dissected parts, and if all the instructions when taken together and construed together state the law correctly and in such manner as not to mislead the jury, there is no error, though one or more of said instructions considered by itself might be incomplete, or misleading to the jury.

Instruction No. 7, given at request of appellee, is as follows: "If you find from the evidence that at the time in controversy in this case there was in force an ordinance in the city of Bluffton, making it unlawful for a railroad company to run a locomotive engine in such city, at a greater rate of speed than six miles per hour, if you further find from the evidence that at the time in controversy in this case there was in force an ordinance in the city of Bluffton, making it unlawful for a railroad company to run a locomotive engine in such city without ringing the bell during the time in which said locomotive engine was in operation, then I instruct you that the plaintiff had a right to presume and rely

upon said presumption that the defendant in running its locomotive engine in the city would not run it in violation of the provisions of the ordinance.

"I instruct you that the plaintiff in this cause had a right to presume that the defendant would obey the said ordinance and cause the bell attached to its locomotive to be rung as its locomotive approached the said crossing. I instruct you that the plaintiff had a right to presume that the defendant would obey said ordinance and would not operate its locomotive over its railroad tracks within the incorporate limits of the city of Bluffton, at a greater rate of speed than six miles per hour. Whether or not the bell was rung is a question of fact for you to determine; whether or not said locomotive was operated over said railroad tracks within the incorporate limits of the city of Bluffton at a greater rate of speed than six miles per hour is a question of fact for you to determine. If you find from the evidence that the bell was not rung, and if you further find from the evidence that said locomotive was operated over the railroad tracks within the incorporate limits of the city of Bluffton at a greater rate of speed than six miles per hour, then I instruct you that in determining the question as to whether or not the plaintiff was exercising reasonable care in approaching the crossing, you may consider that he had a right to presume that a warning would be given him of the approach of the locomotive to the crossing by the ringing of the bell; and that the locomotive approaching the crossing was not being operated at a greater rate of speed than six miles per hour."

This instruction states the law correctly on the particular questions to which it directs the attention of the jury.

Instruction No. 8, given at request of appellee, is as follows: "If you believe from the evidence that the

plaintiff was at the time of the accident familiar with the railroad and street crossing where the accident occurred; that he knew that there was an alarm bell on a pole near to the railroad at the intersection of the railroad crossing and Wabash street, used to give warning to persons passing along Wabash street over defendant's tracks, of the approach of locomotives or trains to the crossing, and knew that this bell when sounded was sounded by some person or persons or was sounded automatically as a train or locomotive approached said crossing, then I instruct you that if said bell or gong was not sounded that the plaintiff had a right to rely upon the fact that no train or locomotive was coming from either direction over said track close to said crossing."

This instruction is correct as far as it goes, and, when read in connection with No. 14, given at appellant's request, states the law fully and correctly. It is not clear from appellant's brief just what objections are urged to said instructions Nos. 7 and 8, given at request of appellee. The appellant in its brief says that instruction No. 7 states in substance that the plaintiff had a right to presume that, if no electric gong was sounding or whistle blowing or bell ringing, no train was approaching, and in determining if the plaintiff used reasonable care in approaching the crossing that he had the right to presume that a warning would be given of the approach of a train, and that the failure to give signals of the approach of a train to a highway crossing does not relieve a traveler on the highway of the duty to use diligence to learn of the coming of a train.

In regard to instruction No. 8, appellant says that this instruction states that: "If the plaintiff knew there was a bell or gong near the crossing which gave the alarm when a train approached, he had the right to rely upon the fact that no train was approaching if the bell

or gong was not sounding, and says that failure on the part of a flagman on a highway crossing to warn persons of the approach of trains does not excuse such persons from exercising care and caution to learn of the approach of trains before they attempt to cross a railroad track, and that the fact that the automatic gong did not sound will not so relieve one about to cross a railroad track." It is barely possible that the jury might have been misled by the language used in these instructions, if it were not for the fact that the court gave instruction No. 14 of appellant's instructions, which is as follows: "The fact that a railroad company maintains warning bells at a railroad crossing and at a time when trains approach such crossing the bells are not rung, or gives no warning, does not excuse a traveler approaching the crossing from exercising diligence for his own safety and looking and listening for trains in all directions from which they might approach to avoid a collision therewith and if he fails to exercise such diligence, notwithstanding the bells are not ringing, or gives no warning, if by the exercise of diligence in looking and listening he could have ascertained that a train was approaching and avoid a collision therewith and he fails to do so, he is guilty of negligence and if injured, cannot recover."

It will readily be seen that this instruction, taken with instructions Nos. 7 and 8, complained of by appellant, obviates the objections that appellant has set forth in its brief, and the jury could not in the least be misled by these instructions taken together, both of which were given to the jury trying said cause. Instructions Nos. 7 and 8, given at request of plaintiff, are practically the same as instructions approved by this court in similar cases.

In *Evansville, etc., R. Co.* v. *Berndt, supra,* we find the following statement: "Complaint is made of instruc-

tion one, given at the request of appellee, which advised the jury that if it was the custom of appellant to close its gates at the William street crossing when an engine or train of cars approached, and decedent was familiar with that custom, and when he approached he found the gates open and no warning was given that it was unsafe to cross, he had a right to presume no locomotive or train was approaching and that it was safe to cross appellant's tracks. This instruction, so far as it goes, embodies a declaration of law approved by this court, and was not erroneous." *Pennsylvania Co.* v. *Stegemeier, Admx., supra; Indianapolis Union R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21, 43 N. E. 576, 44 N. E. 669; *Railway Co.* v. *Schneider* (1888), 45 Ohio St. 678, 17 N. E. 321; *Lindeman* v. *New York, etc., R. Co.* (1887), 11 N. Y. St. Rep. 837; *Fitzgerald* v. *Long Island R. Co.* (1887), 10 N. Y. St. Rep. 433; 2 Wood, Railway Law 1328. In the same case, *Evansville, etc., R. Co.* v. *Berndt, supra,* the court said: "The third instruction was similar in substance, with the additional statement, that in such circumstances the open gates were an affirmative assurance that there was no danger, upon which the traveler by exercising ordinary care might act without being chargeable with negligence. This instruction is supported by the authorities, and was not erroneous." *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229, 70 N. E. 183, 71 N. E. 170; *Central Trust Co.* v. *Wabash, etc., R. Co.* (1886), (C. C.) 27 Fed. 159; *Delaware, etc., Co.* v. *Larnard* (1908), 161 Fed. 520, 88 C. C. A. 462; *Schulte* v. *Louisville, etc., R. Co.* (1908), 128 Ky. 627, 108 S. W. 941. In *Wabash R. Co.* v. *McNown, supra,* 125, the law is stated to be that: "Though not required to keep or maintain such electric bell, yet appellant having voluntarily kept and maintained the same, at said crossing in question, the traveling public had a right to rely upon it to the extent of presuming

that it would correctly indicate the danger or serve the warning which it was intended that it should give." *Pennsylvania Co.* v. *Stegemeier, Admx., supra; Cleveland, etc., R. Co.* v. *Heine* (1901), 28 Ind. App. 163, 62 N. E. 455; *Cleveland, etc., R. Co.* v. *Coffman* (1902), 30 Ind. App. 462, 64 N. E. 233, 66 N. E. 179. The failure of defendant's gong to give warning, and failure of defendant to ring the bell on said locomotive raised the presumption of safety. In *Cleveland, etc., R. Co.* v. *Schneider* (1906), 40 Ind. App. 38, 46, 80 N. E. 985, we find this statement of the law: "The failure of appellant's signal to give warning raised the presumption of safety. That fact was important, at least upon the question of appellee's contributory negligence." *Pittsburgh, etc., R. Co.* v. *Yundt* (1881), 78 Ind. 373, 41 Am. Rep. 580; *Cleveland, etc., R. Co.* v. *Heine, supra;* and cases cited; *Sweeny* v. *Old Colony, etc., R. Co.* (1865), 10 Allen (Mass.) 368, 87 Am. Dec. 644; *Bonnell* v. *Delaware, etc., R. Co.* (1877), 39 N. J. Law 189; *Union Pacific R. Co.* v. *Henry* (1887), 36 Kan. 565, 14 Pac. 1; 3 Elliott, Railroads (2d ed.) §1157; *Cleveland, etc., R. Co.* v. *Coffman, supra.*

From the facts detailed in the case at bar, it was for the jury, under proper instructions from the court, to determine with whom the responsibility, under

1. the law, rested for the injury to the plaintiff. It was not negligence as a matter of law on the part of appellee to act on the assumption that appellant would not violate the ordinances of the city of Bluffton relative to speed or the ringing of the bell on said locomotive, and he had a right to act on the presumption that the gong used by the railroad company to give warning to persons passing along Wabash street, over appellant's tracks, would be kept ringing when a train was coming close to said crossing. We think the in-

structions as a whole stated the law clearly and correctly.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 330. Negligence: contributory, burden of proof, 10 Ann. Cas. 4. Railroads: failure to give statutory signals at crossings as excuse for traveler's contributory negligence, 6 Ann. Cas. 78, Ann. Cas. 1918D 388; failure to stop, look and listen at crossing as negligence *per se*, 1 A. L. R. 203; duty of company to persons approaching tracks, 20 Am. St. 114. See under (1) 33 Cyc 941-946; (4) 29 Cyc 645.