CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* SAMMONS.

[No. 9,558. Filed October 8, 1918. Rehearing denied November 7, 1918. Transfer denied December 11, 1918.]

1. TRIAL.—*Verdict.—Special Interrogatories.*—Answers to interrogatories will not overthrow the general verdict unless there is such irreconcilable conflict that both may not stand, every presumption being in favor of the general verdict. p. 663.

2. TRIAL.—*Special Interrogatories.—Motion for Judgment.—Evidence.—Presumptions.*—Where, in an action against a railroad company for injuries sustained in a crossing accident, the general verdict was for the plaintiff, and the jury by answers to special interrogatories found that there was a light on the tender approaching the plaintiff and that the plaintiff backed into the engine in getting out of the way of another train, and the

defendant moved for judgment on the special answers, evidence having been admissible to show that the "light" was not lighted and that there was much confusion at the time and place of the accident, the presumption on appeal, in support of the general verdict, is that such evidence was introduced. p. 663.

3. RAILROADS.—*Injuries to Persons on Tracks.*—*Presumptions.*—A person crossing a railroad track at a street crossing may, in the absence of notice to the contrary, rely on the presumption that the railroad company will obey the city ordinances. p. 664.

4. TRIAL.—*Motion for Judgment on Answers to Interrogatories.*— *Evidence.*—*Admissibility.*—In a personal injury action against a railroad company, where the complaint alleged that the defendant negligently ran its engine over the plaintiff, and the jury by answers to special interrogatories found that there was an unobstructed view of the crossing for a distance of sixty feet, that the engine could have been stopped within fifteen feet, and that the plaintiff stood on the track probably a minute, the court on appeal will presume, in support of the general verdict, that evidence was introduced in support of the doctrine of last clear chance, which applied under the facts found by the special answers. p. 664.

5. RAILROADS.—*Injury to Persons.*—*Last Clear Chance.*—In a personal injury action against a railroad company for injuries sustained by the plaintiff in a crossing accident, where the facts were such that the doctrine of last clear chance was applicable, the negligence of the plaintiff in stepping on the track became immaterial. p. 664.

From Marion Superior Court; *John J. Rochford,* Judge.

Action by Frank Sammons against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*W. H. H. Miller, Frank L. Littleton, S. D. Miller, F. C. Dailey* and *W. H. Thompson,* for appellant.
*Little & Little* and *Frank S. Roby,* for appellee.

IBACH, J.—Appellee recovered a judgment against appellant for damages on account of personal injuries sustained through its alleged negligence.

With their general verdict the jury returned answers to interrogatories. Appellant's motion for judgment on these answers was overruled, and this ruling presents the only question we are called upon to determine by this appeal.

In our consideration of such question we are confined to the issues, which in this case consisted of a single paragraph of complaint and general denial thereto, the general verdict, and the answers to interrogatories.

In answer to interrogatories the jury found, so far as material to the contentions made by appellant, in substance, as follows: The accident occurred at the crossing of Miley avenue and the tracks of the appellant company and the Cincinnati, Hamilton and Dayton Railway Company in the city of Indianapolis, on January 3, 1913. There were four tracks at this crossing. The first track from the north was what is known as the "running track," the second track was the out or west-bound main track, and the third was the in or east-bound main track, and the fourth what is known as the old "C., H. & D. track." The distance between the south and north rails of the first two tracks was sixteen feet, between the south and north rails of the second and third tracks twenty-four feet. Appellee had been a locomotive engineer for about ten years and was familiar with the surroundings of the crossing in question. He had passed over this crossing a great many times on foot and also while operating a locomotive engine. In his experience appellee had operated a yard engine in the city of Indianapolis, and knew prior to the time of the accident that a train or engine might approach from either direction on the running track

at any moment. He had frequently seen locomotive engines pass in both directions on said running track. Appellee was struck by a locomotive engine while he was standing on or near said north or running track. He approached the tracks from the north on the east sidewalk of Miley avenue. The accident occurred about six o'clock in the evening. As he approached the crossing a Big Four passenger train was on the inbound track starting to move across the crossing and a C., H. & D. passenger train east of the crossing backing west on the outbound track. This train was about 200 feet away when appellee was struck. From a point within six feet from the crossing the view of the running track was unobstructed for several hundred feet west of said avenue. Appellee saw the car next to the engine of the passenger train on the inbound track, and the head of the engine was at or near the west line of Miley avenue. Appellee was facing south at the time he was struck, and was struck in the right side. The engine was equipped with an automatic bell, and it had been started to ringing prior to the time of the accident, and was ringing at the time it approached Miley avenue. The engine was moving eastward over the running track with the tender forward. Interrogatory No. 40: "Was there a light on the tender of said engine at and prior to the time of the accident in question which *when lighted* threw its rays in the direction said engine was moving? Answer. Yes." Just prior to his injury appellee stepped backward toward or upon the running track. He would have been in a place of safety with respect to said locomotive engine north of said running track if he had remained north of said track a distance of three feet or more. There

was nothing to prevent appellee standing between the north track and the outbound main track. Appellee at the time of the accident was twenty-nine years old and was in full possession of his faculties of sight and hearing. Darkness would have prevented appellee from seeing the approach of the locomotive, if he had looked when he was on or near the running track. If he had looked to the west along the running track when the locomotive was at the west line of Miley avenue, he could have seen the locomotive in question. Miley avenue was sixty-six feet in width from property line to property line. The locomotive engine on the inbound track was equipped with an electric headlight, which was burning at the time of the accident. The locomotive engine which collided with appellee blew one long and two short blasts of the whistle before it reached Miley avenue, for the purpose of advising the tower-man of its approach. The accident in question occurred as the result of appellee stepping backward upon the running track and thereby colliding with said engine. Appellee stopped on or near the running track, watching the passenger train on the inbound track moving across said avenue, a few seconds—probably a minute. Just prior to the injury appellee could see in a westerly direction along the running track about sixty feet. Interrogatory No. 69: "Did the man in the K. D. station—one block east of Miley avenue—see the headlight of said engine before it reached Miley avenue? Answer. Yes." When the engine collided with appellee, it was moving at from five to seven miles an hour. If appellee had looked to the west just prior to stepping on the running track, he could have seen to the west about sixty feet. If appellee had looked to the west

when the locomotive was twenty-five feet west of the point where the collision occurred, nothing would have prevented him from seeing the locomotive. Said locomotive engine could have been stopped at the rate of speed it was running in about fifteen feet. The engineer was on the north side of the engine at and prior to the time of the collision, and the fireman was on the south side.

The charging part of the complaint is in substance as follows: On January 3, 1913, appellee was walking south on Miley avenue, and was compelled to cross over appellant's tracks. Before he attempted to cross said tracks, he looked and listened for the approach of trains, and continued to look and listen for trains approaching said highway. When he reached the crossing, it was blocked by appellant's passenger train, which was at the time going westward on the west-bound main track. After waiting for the passenger train to clear the highway, and while exercising due care and diligence for his own safety, appellant negligently and carelessly ran one of its engines into, upon and over appellee on its track immediately north of the track upon which the passenger train was passing. Appellant negligently ran said engine backwards in and through said city, without providing a watchman or other person on the rear end of the locomotive to warn persons of its approach, contrary to and in violation of §11 of an ordinance passed and adopted by the common council of the city of Indianapolis and approved March 12, 1886, and which ordinance was on said date in full force and effect; that appellant negligently ran its engine backward at said time and place without giving any notice of its approach, and negligently failed to ring the bell,

in violation of §1 of said ordinance. That appellant negligently ran its engine between the hours of sunset and sunrise without displaying sufficient lights on the same at the time it was approaching said crossing contrary to and in violation of §11 of said ordinance. Appellee had no knowledge of the approach of said engine; that he heard no whistle, bell, or other signal of warning; that no light was visible on said engine. At the time he was struck he was using due care and caution for the approach of engines and trains of cars of appellant. That by reason of such negligence he was injured, etc.

It is well settled that answers to interrogatories will not overthrow the general verdict, unless there is such irreconcilable conflict that both cannot stand. Every presumption is in favor of the general verdict, and no inferences or intendments are to be drawn in favor of the special answers.

1.

Appellant contends that the special findings clearly and undisputedly show contributory negligence upon the part of appellee, and therefore its motion should have been sustained. This claim of appellant is in effect conceding that it was guilty of negligence, and appellee should be entitled to recover if he was not guilty of contributory negligence.

As bearing on the question of contributory negligence, counsel for appellant in their brief and on oral argument contended that the answers to interrogatories show that there was a light on the tender of the engine at and prior to the time of the accident, which threw its rays in the direction the engine was moving, and that this light was seen by the tower-man, one block east of Miley avenue, before the engine reached said avenue. In support

2.

of the general verdict, and, as against the answers, as disclosed by the record, evidence was admissible to show that, while there was a "light" on the rear end of the locomotive and tender, it was not lighted at the time. Evidence was also admissible to show that there was a great deal of confusion at this particular crossing at this particular time. The answers show that appellee stepped backward on the running track just prior to his injury. In the absence of notice to the contrary appellee had a right to rely on an obeyance of the city ordinances. Moreover appellee may have been called to look in other directions from that of the approaching engine until it was too late to get out of its way. Under the peculiar circumstances, these questions, as well as that of proximate cause, were for the jury, and which they have answered by their general verdict in favor of appellee.

Furthermore, the complaint charges that appellant negligently and carelessly ran one of its engines into, upon and over appellee. The answers to interrogatories show that the engine could have been stopped in fifteen feet, that there was an unobstructed view of the crossing for a distance of sixty feet from the direction the engine was approaching, and that appellee stood on the track probably a minute. Evidence was therefore admissible to show that appellant's servants knew of appellee's perilous situation, or should have known, and that the doctrine of last clear chance applied. *Picken* v. *Miller* (1915), 59 Ind. App. 115, 108 N. E. 968. In such event it would make no difference if appellee was guilty of negligence in stepping on the track.

We conclude that the answers to the interrogatories are not in such conflict with the general verdict as not to be removable by evidence admissible under the issues, and therefore the court did not err in overruling the motion for judgment thereon.

\ Judgment affirmed.

NOTE.—Reported in 120 N. E. 389. Last clear chance, applicability of doctrine where dangers are not actually discovered. 55 L. R. A. 418, 36 L. R. A. (N. S.) 957. See under (3, 4) 33 Cyc 1027, 1047.