CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *v.* LATTA.

[No. 13,331.   Filed May 14, 1929.   Rehearing denied November 21, 1929.   Transfer denied February 27, 1930.]

*Beasley, Aikman, O'Brien & Beasley,* for appellant.
*George W. Wells, Charles D. Hunt* and *John O. Piety,* for appellee.

LOCKYEAR, J.—This action was begun by appellee on August 13, 1927, in the Vigo Superior Court No. 2, to recover damages for personal injuries against appellant.

Appellee alleges in his complaint: That appellant's railroad ran northeast and southwest and the public highway ran east and west; that appellee was driving a milk truck delivering milk and going west on this highway at the time of the collision; that appellant had constructed and was maintaining a depot on the north side of the highway and about 12 feet east of the railroad track and about 12 feet north of the highway; that there was a line of poles on the north side of the highway running east from the railroad track about a mile; that there were bushes and trees and shrubbery along the north side of the highway extending east from near the railroad track for a distance of a quarter of a mile, which shrubbery and trees were about 10 to 30 feet high and so thick that a person could only see through them to the northeast along the railroad to a point about 30 or 40 feet east of the track for a short distance of probably 20 or 30 feet; that this was a dangerous crossing and was so recognized by appellant by its placing and maintaining an electric signal bell on a post at this crossing to warn travelers on the highway of the approach of appellant's trains; that appellant had allowed its signal bell to become and remain, on this day, out of order and defective, so that it did not ring, and so the gong did not sound

and give any warning of the approach of the train that struck appellee; that appellant failed to give any warning, by whistle or bell on its engine, of its approach to this crossing at a point where the same could be heard by appellee and other persons approaching the crossing; that appellee was approaching the crossing from the east and slowed down to about eight miles per hour and looked and listened to the northeast and the southwest for trains and did not see or hear any train approaching the crossing; and that when the front wheel of his milk truck got to the east rail, the engine struck his truck and injured him.

The jury returned a verdict in favor of the appellee for $1,500, from which this appeal is prosecuted.

The errors relied upon for reversal of this case are: That the court erred in overruling appellant's motion for a new trial, on the ground that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; the damages assessed by the jury are excessive; the court erred in giving instruction No. 89 of the instructions given by the court of the court's own motion.

Appellant claims that appellee's truck was not struck by appellant's train; that, notwithstanding the fact that the appellee testified that the right hand wheel of his truck was on the east rail of appellant's railroad when his truck was struck, the physical facts showed that appellant's train never touched appellee, and, therefore, the verdict of the jury is not sustained by sufficient evidence.

A witness, Marvin Bland, testified: "I was approaching this crossing going east at the time of the collision in which Mr. Latta the plaintiff was injured. I could see the train sweep it. I saw the train go over the crossing and strike this truck when I was 135 feet from the crossing. I did not hear any bell or signal device at this crossing." Other witnesses testified that

they were near by at the time and did not hear any bell ring.

There was both positive and circumstantial evidence to the effect that the truck that appellee was driving was struck by appellant's train, and there was evidence to the contrary. This court will not weigh the evidence; it will only consider the evidence which tends to support the verdict. *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517, 70 N. E. 815; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1100.

Under the conditions, it was a question for the jury to decide whether appellee exercised ordinary care as he approached the appellant's crossing. *Baker* v. *Baltimore, etc., R. Co.* (1916), 61 Ind. App. 454, 112 N. E. 27.

In the absence of some evidence to the contrary, appellee had the right to presume that the signal bell would be sounded, and the jury, in determining whether or not appellee was guilty of contributory negligence, had the right to take into consideration such presumption. *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426, 30 N. E. 37; *Chicago, etc., R. Co.* v. *Ginther* (1910), 48 Ind. App. 12, 90 N. E. 911; *Indianapolis, etc., R. Co.* v. *McLin* (1882), 82 Ind. 435.

Appellant complains of that part of instruction No. 89 given by the court on its own motion, which says: "Also you may consider to what extent he has been injured, if any, and whether his injuries are permanent," and insists that the jury might well understand from said part of said instruction that they could consider not only to what extent appellee had been injured on account of the accident in question, but could consider to what extent he had been injured in any of the numerous accidents related and could consider whether any of said injuries in any of said previous acci-

dents were permanent. We have examined this instruction and find that, taken as a whole, it correctly states the law, and limited appellee's damages to the injuries charged in the complaint and proved by the evidence, and was not erroneous.

We hold that the damages assessed by the jury are not excessive, and we find no reversible error in the record.

Judgment affirmed.