CHICAGO, SOUTH SHORE AND SOUTH BEND RAILROAD COMPANY *v.* LUCA.

[No. 13,686.   Filed March 13, 1930.   Rehearing denied June 23, 1930.]

*Frederick C. Crumpacker* and *Edwin H. Friedrich*, for appellant.

*Tinkham & Galvin*, for appellee.

REMY, C. J.—Action by appellee to recover damages for personal injuries sustained as result of a collision of a motor truck, operated at the time by appellee, with appellant's traction car, at a railroad and highway crossing. Complaint in two paragraphs, which are the same, except that in the first the negligence charged as the proximate cause of the collision is the failure of appellant to give a warning signal of the approach of its car, while the second paragraph charges the proximate cause to have been the operation of the car by appellant at an unlawful rate of speed. Complaint was answered by denial, and trial resulted in a verdict and judgment for appellee.

Error is predicated upon the action of the court in the giving of certain instructions, the refusal to give others tendered by appellant, and in overruling motion to strike out certain testimony.

The alleged errors in the giving, and refusing to give, instructions raise the important question presented by this appeal—the sufficiency of the evidence to sustain the verdict, it being the contention of appellant that the evidence shows conclusively that appellee was guilty of negligence in driving upon the crossing in front of the approaching car of appellant, and that such negligence was the proximate cause of the injuries of which complaint is made.

It appears from the evidence most favorable to appellee, that Euclid Avenue, a north and south street in the city of East Chicago, is crossed at grade and at or near right angles by appellant's interurban railroad; that, at about 8 o'clock a. m. September 20, 1927, appellee was operating his motor truck northward on said avenue; that when he approached, and was within about 25 feet of, the railroad crossing, he stopped the truck, and looked and listened for approaching cars; he first looked west, then east, and, seeing no car, proceeded toward the crossing, when suddenly, and without any warning signal, there appeared a car of appellant approaching on appellant's tracks from the west, at a speed of from 60 to 70 miles per hour, in violation of a city ordinance limiting speed of such cars to 10 miles per hour; that, by reason of the unexpected appearance and high speed of the approaching car, appellee was frightened and rendered unable to stop his truck in time to prevent a collision, and appellee was then and thereby injured. . The evidence shows that from the point where appellee stopped his truck, and from which he looked for approaching cars, he had a clear view west for a distance of 672 feet, beyond which he could not see an approaching car because of obstructions. There is other and different evidence as to the speed of appellant's car and the giving of crossing signals, but that the car was approaching the crossing at a speed greatly in excess of that limited by the ordinance is not controverted, nor is it disputed that appellee stopped his truck when he came to the crossing, and that, from the point where he stopped, he could not see a traction car approaching from the west if it was more than 672 feet away.

It is unnecessary to consider any of the conflicting testimony which is favorable to appellant, for the law is well established that, in determining the sufficiency of the evidence on appeal, the court

of review is limited to a consideration of that which is more favorable to appellee, including such inferences in appellee's favor as the jury might reasonably have drawn therefrom. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96; *Lake Erie, etc., R. Co.* v. *McFarren* (1919), 188 Ind. 113, 116, 122 N. E. 330; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 34 N. E. 227. In the last case cited, the court used this forceful language: "This court can not know but that the jury had good and sufficient reasons for discrediting the evidence that conflicted with their finding; and even if it were possible to suppose that the jury had made a mistake in weighing the evidence, the trial judge, we are bound to presume, has calmly and impartially reviewed it, after having heard it all, with the same means of observing the manner and appearance of witnesses, and all other circumstances of the trial likely to aid in correctly weighing the evidence, and by his action in overruling the motion for a new trial, says in effect to us that he thinks the weight of the evidence justifies the verdict of the jury." It is apparent from the record that the jury did not believe some of the testimony of one of the witnesses, which testimony, with mathematical calculations based thereon, is discussed at great length by appellant in its brief; and, in compliance with the above rule, we shall not consider it in this opinion. It is a well-settled rule that the questions of defendant's negligence and plaintiff's contributory negligence, in personal injury cases, are for the jury, unless, upon the facts established by the evidence, there is no room for different conclusions by reasonable men. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 73 N. E. 816. It is also the law that a traveler on a public highway, when approaching a railway crossing within the limits of a town or city, has the right to assume, in the absence of

notice to the contrary, that employees in charge of a train approaching the crossing on the railroad will obey the statutes and ordinances governing the speed of trains and the giving of crossing signals. *Cleveland, etc., R. Co.* v. *Sammons* (1918), 68 Ind. App. 657, 120 N. E. 389; *Lake Erie, etc., R. Co.* v. *McFarren, supra.* Another principle of the law of negligence applicable to the facts in this case is that contributory negligence will not be imputed to one because he adopts an unwise course, where such unwise course was the result of a sudden peril caused by the negligence of another. *Pennsylvania Co.* v. *McCaffrey, Admx.* (1894), 139 Ind. 430, 38 N. E. 67, 29 L. R. A. 104; *Indiana Union Traction Co.* v. *Love* (1912), 180 Ind. 442, 99 N. E. 1005; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 114 N. E. 636.

In the light of the rules and principles stated, let us consider the evidence bearing upon the issue of contributory negligence. Can we say, as a matter of law, that appellee was guilty of contributory negligence which was the proximate cause of the collision and resulting injuries sustained by appellee? That upon appellant was the burden of proof upon this issue is not questioned.

That appellee stopped his truck at the crossing before he proceeded to cross the railroad is not in controversy. The exact distance of the truck from the tracks is not fixed by the evidence; appellee testified that he thought it was about 25 or 30 feet, but could not say. He said he stopped to look and listen for approaching cars, which is reasonable; having stopped for that purpose, it is reasonable to conclude that he told the truth when, as a witness, he said he did look both ways for cars. It is unreasonable to conclude that he failed to see a car which was in sight when he had stopped and was looking for that purpose; and it is, of course, unreasonable to assume that if he saw the approaching car, he deliberately started toward the crossing with his truck, which he had previ-

ously stopped to avoid danger. If the car which collided with the truck was at the time approaching the crossing at a speed of 70 miles an hour, of which there is some evidence, it would have traveled the 672 feet in somewhat less than seven seconds, and seven seconds would have been an incredibly short time within which appellee must have turned, looked to the east, then started his truck and driven it to and upon the crossing. There is no evidence fixing the speed of the truck when it was started after the stop. Appellee testified "about fifteen or sixteen miles, fourteen, something like that. I do not know how much." If the traction car was approaching at a speed of 60 or 70 miles an hour, it is a reasonable inference that it was more than 672 feet away, and was hidden by the obstruction, when appellee first looked west; and, in the absence of notice to the contrary, appellee had a right to assume that any car approaching the crossing would not be coming at a speed in excess of that fixed by the ordinance.

We cannot say, as a matter of law, that the evidence conclusively shows that appellee saw, or, in the exercise of ordinary care, could have seen, the approaching car in time to have avoided the collision, and that he was guilty of negligence which was the proximate cause of his injuries; on the contrary, we hold that the issue of contributory negligence was a question for the jury.

On the trial, a witness for appellee was asked the following question: "You may state whether there were any flasher signals or lights that went on or off when a train was coming on Euclid avenue at that time?" Without objection, the question was answered in the negative. Appellant then moved to strike out the answer on the ground that it was not charged in the complaint with the duty to maintain such signals, and that the question was not within the issues,

and the court overruled the motion. It is urged by appellant that the ruling of the court was reversible error. It is conceded that the complaint does not charge that appellant was negligent in failing to maintain flasher lights or signals at the crossing. The court, in overruling the motion, stated that, "as far as this case is concerned, of course, there is no duty upon this railroad to have any such signals there," and that the evidence was "admissible merely as a part of the description of the crossing," and the degree of care used by appellee at the time, "and it is only upon that theory that the court admits it." Appellant could not have been harmed by the admission of the testimony.

Affirmed.

Nichols, J., not participating.