FIRST AND TRI STATE NATIONAL BANK AND TRUST COMPANY OF FORT WAYNE *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

[No. 14,898. Filed March 10, 1936. Rehearing denied July 2, 1936.]

*Vesey, Shoaff & Hoffman,* for appellant.

*Dan C. Flanagan, James P. Murphy, H. Parnell McGreevy,* and *Sol Rothberg,* for appellee.

CURTIS, C. J.—This was an action in the trial court brought by the appellee against the appellant, The First National Bank of Fort Wayne, Indiana (now First and Tri State National Bank and Trust Company of Fort Wayne), hereafter referred to as the Bank, and The Tri State Loan and Trust Company, hereafter referred to as the Trust Company, to recover from the said Bank the sum of $4,000.00 with interest thereon, paid by the appellee to said Trust Company, being a loss sustained by said Trust Company through the forgery by a certain attorney of the signatures of payees and endorsers upon two checks drawn against a depositor's account in such Trust Company and which two checks were by said attorney presented to said Bank and by it paid to him. (This attorney was a customer and depositor in said Bank before the time of the payment of said checks but not at or after said time and had previously borne a good reputation.) Thereafter said checks were by said Bank endorsed and presented by it to the said Trust

Company. The Trust Company paid said checks to said Bank and charged the same to the depositor's account. It shortly thereafter developed that said endorsements of the original payees on said checks had been forged by said attorney. The said checks had been drawn by the administrator of an estate against his deposit of trust funds in said Trust Company as a distribution to the two payees and he had handed them to the said attorney who was the attorney for said estate, for delivery to said payees. As soon as the Trust Company discovered the forgeries it reimbursed its depositor's account and then presented its claim to the appellee for indemnity on account of its said loss, the appellee having previously issued a policy of insurance to said Trust Company indemnifying it against loss sustained by it through the payment of any check drawn upon it upon which the signature of any endorser had been forged. At the time said Bank presented said checks for payment to the said Trust Company and received payment it stamped upon the back thereof an endorsement as follows: "Pay to the order of any bank or trust company, all prior endorsements guaranteed. Nov. 2, 1927. First National Bank, Fort Wayne, Ind. E. F. Scheuman, Cashier." The appellee paid to the Trust Company upon its demand the loss it had sustained and then brought this action against the said Bank, claiming that it, the appellee, was subrogated to the rights of the Trust Company against the said Bank.

The complaint was in two paragraphs identical in legal effect, each paragraph relating to the transactions as to a separate one of said checks. To each paragraph of complaint separate demurrers were addressed and by the court overruled with exceptions, whereupon there were answers in general denial to each paragraph, thus closing the issues.

The cause was submitted to the court for trial with-

out the intervention of a jury. Upon proper request the court made a special finding of facts and stated conclusions of law thereon. These were favorable to the appellee, and judgment was rendered in accordance therewith for the appellee against the appellant Bank. The appellant seasonably filed a motion for a new trial, which was overruled with an exception and this appeal prayed and perfected.

The errors assigned are alleged error in the rulings on said demurrers and also error as to each of the first and second conclusions of law and in the ruling on the motion for a new trial. The motion for a new trial contains two causes or grounds, namely, that the decision of the court is not sustained by sufficient evidence and is contrary to law. Neither of the causes for a new trial are presented in the appellant's brief under the heading of Propositions, Points and Authorities. This constitutes a waiver as to such alleged errors. The finding of facts of the trial court is, therefore, unchallenged. This leaves the independent assignment of error as to the rulings on the demurrers and the alleged error as to each of the two conclusions of law. But it has long been the rule in Indiana that where there is a special finding of facts covering the issues presented in the pleadings and conclusions of law stated thereon, as in the instant case, an antecedent error in overruling a demurrer to a pleading is rendered harmless. The complained of error therefore (if it be error) in the rulings on said demurrers is not available. See *Smith, Trustee, et al.* v. *The Wells Manufacturing Company et al.* (1897), 148 Ind. 333, 46 N. E. 1000; *Woodward et al.* v. *Mitchell et ux.* (1895), 140 Ind. 406, 39 N. E. 437; *City of Huntington et al.* v. *Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449.

It thus appears that the only questions properly before us are as to each of the two conclusions of law.

They are as follows: "At the time the plaintiff paid the sum of four thousand dollars ($4,000.00) to the Tri State Loan and Trust Company so found in the foregoing findings, the First National Bank of Fort Wayne, Indiana, was indebted to the defendant, Tri State Loan and Trust Company, in said sum of four thousand dollars ($4,000.00) because of its having received said sum from the defendant, Tri State Loan and Trust Company, in payment of the checks referred to in said findings and upon the payment of said sum of four thousand dollars ($4,000.00) by the plaintiff to the Tri State Loan and Trust Company the plaintiff became and is subrogated to the rights of the Tri State Loan and Trust Company against the First National Bank in and to said claim and demand.

"2. The plaintiff is entitled to recover from the defendant, First National Bank of Fort Wayne, Indiana, now known as the First and Tri State National Bank and Trust Company of Fort Wayne, Indiana, the sum of Four Thousand Dollars ($4,000.00) together with interest thereon from the 23rd day of June, 1928, being the sum of Forty-five Hundred Ninety-two Dollars ($4,592.00)."

The appellant's main contention, as stated in its brief, is substantially as follows: That the court found in its special finding of fact that the loss which the Tri State Loan and Trust Company had suffered and for which appellee indemnified such Trust Company pursuant to its policy of insurance, was occasioned by the forgery of the said attorney; that the checks upon which the forged endorsements had been placed by said attorney were presented by him to, and paid by the appellant First National Bank, and endorsed by that bank with a guarantee of prior endorsement and presented to, and paid by said Trust Company; that said attorney was at the time, and for some years prior had been a deposi-

tor with the appellant and bore a good reputation for honesty and fair dealing; that there was no finding that appellant had participated in or had knowledge of said attorney's wrongful act, or had been guilty of any negligence; that, on the contrary, the court affirmatively found that the appellant had no notice or knowledge or reason to believe the signatures to be forged; that appellant paid the checks in the regular and ordinary course of business; and that it believed the signatures to be genuine signatures and had no reason to suspect that they were forged; and that upon the facts so found the appellee was not entitled to subrogation as against the appellant.

As previously stated, the facts as found by the court are admitted to be fully and correctly found. At any rate they are unchallenged and we accept them as full and correct. It is the appellee's contention that upon these facts the appellee is entitled to be subrogated to the rights of the said Trust Company against the said Bank and that the Bank was liable to the Trust Company for the money it received upon the said two checks bearing the forged endorsements of the original payees of said checks, which endorsements the Bank guaranteed in writing as heretofore set out when it received the money thereon from the Trust Company.

We have no doubt but that the Trust Company had a cause of action against the Bank arising out of the Bank's guaranty of the forged endorsements of the two checks. The controlling question in the case is whether or not the appellee is entitled to be subrogated to the Trust Company's rights against the Bank under the facts as found by the court. We think it was so entitled.

The doctrine of subrogation came to the common law from the civil law, where it was recognized and applied for a long time before reaching the common law. It is essentially one of equity. Its definition is somewhat

simple but its application to the innumerable complications of business is more complex. The modern tendency seems to be to extend rather than to limit its application, and to apply it to many of the various business relations, always, of course, keeping in mind that it is an equitable doctrine and subject to the rules and maxims of equity. Literally the word means the substitution of one person for another and as applied in law it means the substitution of some other person in the place of the creditor so that the person for whom it is exercised will succeed to the rights of the creditor in relation to the debt. There has been some confusion in the decided cases by a failure to keep in mind the fundamental principle that the creditor for whom the substitution takes place must necessarily have had some right to which the substituted person can succeed. Equity will not do a useless thing and unless there is thus some right to which the substituted person can succeed, the doctrine of subrogation will not be applied. The doctrine has probably been applied most frequently in the courts to certain types of insurance cases. It has with almost unanimity been held not to apply in favor of surety on a fidelity bond except only against persons who participated in the wrongful act of the wrongdoer. The reason in such cases is easily traceable back to the general principle heretofore stated that unless the creditor has some right to which the substituted person can succeed the doctrine will not be applied. The main cases upon which the appellant herein relies are such cases. It is not the purpose of this opinion to discuss the application of the doctrine to the various situations in which it may correctly be applied, but to limit the opinion to the exact question before us. Here the Trust Company had a clear right to collect its loss from the Bank. It was also indemnified by the appellee against the loss and chose to present its demand to the appellee who paid

the loss. We believe this situation entitles the appellee to be subrogated to the rights of the Trust Company against the Bank. The following cases have been helpful. *Rooker et al.* v. *Benson, Admr.* (1882), 83 Ind. 250; *Opp* v. *Ward* (1890), 125 Ind. 241, 24 N. E. 974; *Chamness* v. *Chamness et al.* (1913), 53 Ind. App. 225, 101 N. E. 323; *The Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Company* v. *The Home Insurance Company* (1915), 183 Ind. 355, 108 N. E. 525; *Fidelity and Deposit Company of Maryland* v. *State Bank of Portland et al.* (1926), 242 Pac. 823 (Oregon); *Aetna Casualty & Surety Company* v. *Phoenix National Bank and Trust Company of Lexington* (1932), 285 U. S. 209, 52 S. Ct. R. 329, 76 Law Ed. 709; *City of Indianapolis* v. *National City Bank of Indianapolis* (1924), 80 Ind. App. 677, 141 N. E. 249, 148 N. E. 675; *First National Bank of Andalusia* v. *Peoples Bank of Red Level* (1921), 18 Ala. App. 190, 91 So. 324; *American Surety Company* v. *Empire Trust Company* (1930), 228 App. Div. 572, 240 N. Y. S. 164; *John A. Boyd Motor Company* v. *Claffey* (1932), 94 Ind. App. 492, 165 N. E. 255; *Auto Owners' Protective Exchange* v. *Edwards* (1925), 82 Ind. App. 558, 136 N. E. 577; see also Cyc., Vol. 37, pages 361 to 480.

We have found no reversible error. Judgment affirmed.