BLUM *v.* SHROCK.

[No. 15,577.   Filed November 2, 1937.]

*Bowers, Feightner & Bowers,* for appellant.

*Sapp, Sees & Glenn,* and *Herman N. Hipskind,* for appellee.

CURTIS, J.—This is an appeal from a judgment rendered in the Huntington Circuit Court awarding the appellee, Walter M. Shrock, damages for personal injuries sustained by him while attempting to put a fan belt on the appellant's automobile at the filling station operated by the appellee and his brother. The appellee filed his complaint in one paragraph to which the appellant filed his answer in general denial.

The cause was tried before a jury resulting in a verdict for $1,500.00 in favor of appellee. In due course appellant filed his motion for a new trial, which was overruled, and appellant excepted. Judgment was rendered on the verdict and this appeal perfected, the sole error assigned being that the court erred in overruling appellant's motion for a new trial.

The motion for a new trial contains the following grounds or causes:

"(1) The damages assessed by the jury are excessive.

(2) The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

(3) The verdict of the jury is contrary to law.

(4) The court erred in giving each of the instruc-

tions numbered 1, 2, 4, 5, 7, and 8 as tendered by the plaintiff.

(5) The court erred in refusing to give each of the instructions numbered 1, 5, 11, 12, and 14 tendered by the defendant.

(6) The court erred in giving each of the instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 on its own motion."

The appellant has discussed only grounds 2 and 3 of his motion for a new trial under his heading of propositions, points, and authorities; therefore grounds 1, 4, 5, and 6 of his motion are deemed waived. See: *First & Tri State National Bank and Trust Company of Fort Wayne* v. *Massachusetts Bonding and Insurance Company* (1936), 102 Ind. App. 361, 200 N. E. 449.

The appellant contends that the evidence shows conclusively that the appellee in doing or attempting to do the said work for the appellant was standing in the relation of an independent contractor; that he assumed the risk of the work and that he was in effect shown by the undisputed evidence to have been contributorily negligent and that for these reasons the verdict is not sustained by sufficient evidence and is contrary to law. The appellee contends that he was in no way an independent contractor and that he did not assume the risk and that he was not guilty of contributory negligence. We quote from the appellee's recital of the evidence of the appellee as follows: "Defendant came into the filling station office and said his motor was running hot and he would like to have us investigate and see what was the matter with his motor. He asked me to investigate and I said I would. I walked out to the front of the car with the defendant, arriving there about five minutes

after the defendant drove up and stopped at the filling station.

"We do not repair cars or do repair work at the filling station except as a matter of accomodation. I could not feel the radiator from the outside because of an outer shell, and lifted up the hood. Defendant stood beside me. I looked in and remarked that the fan wasn't turning around. Defendant said nothing. I reached in and felt the shell and said, 'No it isn't that. It isn't frozen.' Defendant said, 'Well, the fan belt. Put it on. It is off.' Then I put my left hand on it and pushed it over. Just then it dragged my left hand in. I did not know the generator was running at the time I touched the belt.

"When my hand was jerked in between the belt and the generator pulley I started hollering and told Mr. Blum to turn the motor off. He did not. I begged him to turn it off. I was in misery and screamed to him two or three times to turn it off. I repeated it to him.

"When I saw he didn't I screamed to my brother. Blum was right beside me all the time. The pain was terrible and in an attempt to extricate myself I put my other hand in and it was dragged in also. Both hands were in the motor for a minute and a little more. My brother cut the belt and got me out.

"The belt was still jerking when my brother took hold of it to cut it but was going slower. Mr. Blum just stood there and did nothing from the time my first hand was caught until my second hand was caught and my brother came out and cut the belt. Afterward Mr. Blum said we had ruined his belt.

"In the office after the accident Mr. Blum said, 'You needn't worry. We'll take care of you' and the woman with him said 'We'll take care of you all right' when my brother told them I would have hospital and doctor bills.

"My brother told Mr. Blum it was his negligence and

he should have turned the motor off and Blum said 'That is right, we will take care of him.' John and Ike Duffey came by there and took me to the hospital. The doctor came to the filling station just as we were leaving. Mr. Blum was still there. I was at hospital 22 days." The appellee's evidence was corroborated in all essential details by the testimony of his brother, Richard Shrock. The appellee further asserts in his brief that "The plaintiff's single paragraph of complaint seeks to recover both on the theory of a hidden danger which the defendant was required to warn or guard the plaintiff against and also on the theory that after plaintiff was caught in the machinery the defendant negligently neglected and failed to turn off the motor although repeatedly requested to do so, thereby greatly aggravating and increasing the plaintiff's injuries."

In determining the question duly presented by the appellant this court must consider the evidence most favorable to the appellee including such inference in the appelee's favor as the jury might reasonably have drawn therefrom. See: *Chicago and Eastern Illinois Railway Co.* v. *Latta* (1930), 91 Ind. App. 102, 166 N. E. 297; *Chicago, South Shore and South Bend Railroad Co.* v. *Luca* (1930), 91 Ind. App. 521, 170 N. E. 564; *Union Traction Company of Indiana* v. *Haworth* (1918), 187 Ind. 451, 119 N. E. 869. If after such consideration there is found any competent evidence to sustain the verdict of the jury on all material issues then the judgment will not be disturbed. We believe there is such evidence and we do not deem it necessary to set out the general rules of law involved in the question of independent contractor, assumption of risk and contributory negligence. These questions have each been discussed at length in recent decisions and no good would come from re-discussing them.

Judgment affirmed.